JON GREENBERG & ASSOCIATES, INC v ABC APPLIANCE, INC

Docket No. 151335. Submitted July 14, 1994, at Lansing. Decided
    September 20, 1994, at 9:25 A.M.

> Jon Greenberg & Associates, Inc., brought an action in the
> Oakland Circuit Court against ABC Appliance, Inc., alleging
> that the defendant was personally liable for the unsecured
> debts of Hawthorne Home Appliance to the plaintiff as a
> consequence of the failure to give timely notice to Hawthorne's
> creditors of the bulk transfer of Hawthorne's assets to the
> defendant. The court, Fred M. Mester, J., granted summary
> disposition for the defendant. The plaintiff appealed.
>
> The Court of Appeals *held:*
>
> The bulk transfers provisions of the Uniform Commercial
> Code, as adopted in Michigan, MCL 440.6101 *et seq.*; MSA
> 19.6101 *et seq.*, do not impose on a transferee personal liability
> for the debts and liabilities of the transferor regardless of
> whether timely notice of the transfer was given to the transfer-
> or's creditors.
>
> Affirmed.

SALES — BULK TRANSFERS — TRANSFEROR'S DEBTS — TRANSFEREE'S
    LIABILITY.

> A bulk sale transferee is not personally liable for the debts and
> liabilities of the transferor regardless of whether timely notice
> of the transfer was given to the transferor's creditors (MCL
> 440.6101 *et seq.*; MSA 19.6101 *et seq.*).

*Altus & Hemming* (by *Joseph H. Hemming*), for
the plaintiff.

*Gary F. Wyner* and *Dykema Gossett* (by *Mark
H. Sutton* and *Janette E. Frank*), for the defen-
dant.

REFERENCES
Am Jur 2d, Fraudulent Conveyances §§ 238, 243, 270.
Bulk transfers: construction and effect of UCC Article 6, dealing
    with transfers in bulk. 47 ALR3d 1114.

Before: DOCTOROFF, C.J., and SHEPHERD and J. R. KIRWAN,* JJ.

PER CURIAM. Plaintiff appeals as of right from the trial court order that granted defendant's, and denied plaintiff's, motion for summary disposition. We affirm.

This case concerns the interpretation and application of MCL 440.6105; MSA 19.6105, which deals with notice to creditors under the bulk transfers provisions of the Uniform Commercial Code as adopted in Michigan. The parties agree that defendant's purchase of the business assets of Hawthorne Home Appliance was a bulk transfer under the act and that the required notice to creditors, including plaintiff, was not timely given.

Our review of the record indicates that the trial court correctly found that defendant is not personally liable to plaintiff for Hawthorne's debt. This personal liability was the basis for plaintiff's complaint.

In general, the purchaser of another corporation's assets is not responsible for the debts and liabilities of the seller. *Shue & Voeks, Inc v Amenity Design & Mfg, Inc,* 203 Mich App 124, 127; 511 NW2d 700 (1993). There is no authority in Michigan case law or in the Michigan bulk transfers provisions for the proposition that personal liability results from the failure to give timely notice. In fact, the Michigan Legislature chose not to adopt § 6-106 of the Uniform Commercial Code, which imposes on the transferee a duty to see that new consideration payable as a result of the bulk sale is applied to the transferor's debts. The Legislature's decision to forgo adopting this section is a clear signal that it did not intend that the extreme remedy of personal liability apply to bulk transfers

---

* Circuit judge, sitting on the Court of Appeals by assignment.

in which timely notice was not given. Further, courts in other jurisdictions that have addressed this question have found that the bulk transfers provisions do not impose personal liability on a transferee. See *Bill Voorhees Co, Inc v R & S Camper Sales of Birmingham, Inc*, 605 F2d 888, 890 (CA 5, 1979); *New Haven Tobacco Co v O'Brien*, 37 Conn Supp 815, 818; 438 A2d 440 (1981). Hence, the trial court properly granted summary disposition to defendant pursuant to MCR 2.116(C)(8) for plaintiff's failure to state an enforceable claim. *Hutchinson v Allegan Co Bd of Rd Comm'rs (On Remand)*, 192 Mich App 472, 475; 481 NW2d 807 (1992).

While not necessary for resolution of this appeal, we note that plaintiff has failed to prove that it sustained any damages as a result of defendant's failure to notify plaintiff of the bulk sale. It is undisputed that Hawthorne was on the verge of bankruptcy when the transfer was completed. If plaintiff had received timely notice of the sale and been successful in stopping it, Hawthorne would have been forced into bankruptcy. Any claim by plaintiff to the monies or assets made available as a result of Hawthorne's liquidation would have been subject to the interests of the other secured creditors, which interests far exceeded Hawthorne's assets. Plaintiff would have received nothing. It would be inequitable to allow plaintiff to recover on its unsecured debt from the transferee when plaintiff would not have received any value from the transferor even if notified in time to stop the sale.

Affirmed.