HUTCHINSON v ALLEGAN COUNTY BOARD OF ROAD
COMMISSIONERS (ON REMAND)

Docket Nos. 131429, 131430. Submitted November 13, 1991, at Grand
Rapids. Decided January 21, 1992, at 9:20 A.M. Leave to appeal
sought.

David Hutchinson brought an action in the Van Buren Circuit
Court against the Allegan County Board of Road Commission-
ers and the Van Buren County Board of Road Commissioners,
seeking damages for injuries sustained in an automobile acci-
dent that occurred when the plaintiff apparently fell asleep and
his car crossed the center lane of a road that divides the two
counties and entered a drainage ditch located approximately
4½ feet from the side of the road. The plaintiff alleged im-
proper design and maintenance of the ditch and failure to place
guardrails on the edge of the road adjacent to the ditch. The
defendants moved for summary disposition, arguing that the
highway exception to governmental immunity was inapplicable
because the ditch was not part of the improved portion of the
highway designed for vehicular travel, and that the facts did
not support any theory that they should have installed guard-
rails. The court, Meyer Warshawsky, J., granted the motion in
part, concluding as a matter of law that the ditch was not
within the improved portion of the highway designed for vehi-
cular travel. The court denied the motion with regard to the
argument concerning the guardrail, finding that the issue
whether the defendants should have erected a guardrail was a
question of fact for the jury. The plaintiff appealed, and the
defendants cross appealed. Both claims were dismissed without
prejudice to the parties' filing delayed applications for leave to
appeal. Order of the Court of Appeals, HOLBROOK, JR., P.J., and
GRIFFIN and MURPHY, JJ. (Docket No. 119312). Subsequent
claims for delayed appeal were denied by order of the Court of
Appeals, DANHOF, C.J., and CYNAR and SHEPHERD, JJ. (Docket
Nos. 123750, 123937). The Supreme Court, in lieu of granting
leave to appeal, remanded the case to the Court of Appeals as
on leave granted for consideration in light of *Scheurman v
Dep't of Transportation,* 434 Mich 619 (1990), and *Gregg v
State Hwy Dep't,* 435 Mich 307 (1990). 435 Mich 870 (1990). The
cases were consolidated in the Court of Appeals.

The Court of Appeals *held:*

1. The highway exception to governmental immunity, MCL 691.1402; MSA 3.996(102), provides that the duty of state and county road commissions to repair and maintain highways extends only to the improved portion of the highway designed for vehicular travel. The ditch involved in this case was not part of the improved portion of the highway designed for vehicular travel.

2. The plaintiff's argument that the ditch was an integral part of the highway and thus part of the improved portion of the highway because it acts as a drainage culvert for the road's surface, allowing motorists to proceed along the highway without losing control, was properly rejected by the trial court. The plaintiff sought recovery on the basis that the ditch posed a danger to vehicles leaving the road, not for the failure of the ditch to properly drain water from the road.

3. The duty to maintain highways in reasonable repair includes maintenance of shoulders and areas within the reach of a vehicle without any of its wheels leaving the shoulder. The 4½-foot shoulder in this case was reasonably safe for travel for the average vehicle. Summary disposition of the claim regarding the ditch was proper.

4. The court correctly determined that the issue whether the defendants should have installed guardrails was a question of material fact for the jury. The plaintiff met his burden of showing that the safety of the highway was a genuine issue of fact for trial. The court properly found that summary disposition of these issues was inappropriate.

Affirmed.

*Chambers, Steiner, Mazur, Ornstein & Amlin, P.C. (by Angela J. Nicita), for the plaintiff.*

*Smith, Haughey, Rice & Roegge (by Jon D. Vander Ploeg), for the defendants.*

ON REMAND

Before: DOCTOROFF, P.J., and HOLBROOK, JR., and FITZGERALD, JJ.

HOLBROOK, JR., J.

I

This case arises from a personal injury action

against defendants and involves the highway exception to governmental immunity. MCL 691.1402; MSA 3.996(102).

On August 17, 1986, plaintiff was driving along Baseline Road, which divides Allegan and Van Buren Counties. The accident occurred when plaintiff apparently fell asleep, causing his vehicle to cross the center lane and enter a drainage ditch located approximately 4½ feet from the side of the road. The ditch serves as a draining conduit for the road surface. In his complaint, plaintiff alleged improper design and maintenance of a drainage ditch and failure to place guardrails on the edge of the road adjacent to the ditch.

Defendants moved for summary disposition, arguing that the highway exception to governmental immunity was inapplicable because the ditch was not part of the improved portion of the highway designed for vehicular travel. Defendants also claimed that the facts did not support any theory that they should have installed guardrails.

The Van Buren Circuit Court granted defendants' motion in part, concluding as a matter of law that the ditch was not within the improved portion of the highway designed for vehicular travel. The court denied defendants' motion with regard to their second argument, finding that the issue whether defendants should have erected a guardrail was a question of fact for a jury to decide.[1]

Plaintiff filed a claim of appeal and defendants filed a claim of cross appeal with this Court. Both

---

[1] The circuit court's denial of summary disposition of the claim regarding failure to install guardrails is not inconsistent with granting summary disposition with regard to the ditch claim. The ditch claim is not based on any defect in the ditch's intended function of promoting safety by draining water off the surface of the roadway, whereas the installation of the guardrail is necessary for its intended function of keeping vehicles from leaving the highway.

claims were dismissed pursuant to an order of the Court of Appeals, Holbrook, Jr., P.J., and Griffin and Murphy, JJ., dated November 16, 1989, Docket No. 119312, and subsequent claims for delayed appeal were denied, order of the Court of Appeals, Danhof, C.J., and Cynar and Shepherd, JJ., dated February 1, 1990, Docket Nos. 123750, 123937. The parties then sought leave to appeal to our Supreme Court. In lieu of granting leave to appeal, the Supreme Court remanded the case to this Court as on leave granted for consideration in light of *Scheurman v Dep't of Transportation,* 434 Mich 619; 456 NW2d 66 (1990), and *Gregg v State Hwy Dep't,* 435 Mich 307; 458 NW2d 619 (1990). 435 Mich 870 (1990). The cases were consolidated by the Court of Appeals. We now affirm the circuit court's order.

II

Plaintiff contends that the circuit court erred in granting defendants' motion for summary disposition, because the ditch that plaintiff drove into was allegedly part of the improved portion of the highway designed for vehicular travel.

A motion under MCR 2.116(C)(8) tests the legal sufficiency of a claim by the pleadings alone. *Parkhurst Homes, Inc v McLaughlin,* 187 Mich App 357, 360; 466 NW2d 404 (1991). The court must accept as true all well-pleaded factual allegations, as well as any conclusions that can be reasonably drawn from them. *Ashley v Bronson,* 189 Mich App 498, 501; 473 NW2d 757 (1991). The motion can be granted only if the claim is so clearly unenforceable as a matter of law that no factual development could establish the claim and justify recovery. *Terrell v LBJ Electronics,* 188 Mich App 717, 719; 470 NW2d 98 (1991).

Summary disposition for failure to state a claim upon which relief can be granted is appropriate where a plaintiff attempts to state a cause of action against a governmental entity entitled to immunity. *Canon v Thumudo,* 430 Mich 326, 344; 422 NW2d 688 (1988). MCL 691.1402; MSA 3.996(102) sets forth statutory exceptions to governmental immunity from tort liability and provides that the duty of state and county road commissions to repair and maintain highways extends only to the improved portion of the highway designed for vehicular travel. The highway exception is a narrowly drawn exception to a broad grant of immunity. *Scheurman, supra,* p 630.

In *Scheurman,* the plaintiff's decedent was killed when she was struck by a car while attempting to cross a road. Most of the road had lights, but the area where she attempted to cross was not illuminated. Our Supreme Court indicated that the highway exception did not include street lighting because the lights fell outside the paved portion of the road designed for public vehicular travel. *Id.,* p 633.

*Scheurman* involved the consolidated case of *Prokop v Wayne Co Bd of Road Comm'rs,* 434 Mich 619; 456 NW2d 66 (1990). The plaintiff in *Prokop* was hit by a van when she attempted to ride across an intersection on her bicycle. The view of the plaintiff and of the driver of the van was obstructed by a hedge growing on private property. The Supreme Court ruled that the hedge had no connection to the improved portion of the highway. *Id.,* p 635.

In *Gregg, supra,* the plaintiff was injured when the bicycle he was riding struck a pothole on a designated bicycle path located on the inner edge of the paved shoulder of the road. The Court in *Gregg* held that the bicycle path was part of the

improved portion of the road, stating that modern vehicles often travel on the shoulder of a highway. *Id.,* pp 315-318.

Comparing these decisions to this case, we cannot say that the ditch was part of the improved portion of the highway designated for vehicular travel. Although it runs parallel to the road, the ditch is not part of the "traveled portion, paved or unpaved, of the roadbed actually designed for public vehicular travel." *Scheurman, supra,* p 631. Like the lights in *Scheurman* and the hedge in *Prokop,* the ditch is not part of the improved roadbed actually designed for or traveled upon by vehicular traffic. Unlike the bicycle path in *Gregg,* the ditch was not designated for vehicular travel and was not along the inner edge of the shoulder. Narrowly construing MCL 691.1402; MSA 3.996(102), we conclude that the ditch was not part of the improved portion of the highway designed for vehicular travel.

Plaintiff relies upon cases that interpret the improved portion of the highway as including improvements of the highway that serve as integral parts of the highway, such as signs and shoulders. See *Salvati v Dep't of State Hwys,* 415 Mich 708; 330 NW2d 64 (1982); *Roux v Dep't of Transportation,* 169 Mich App 582; 426 NW2d 714 (1988). Plaintiff claims that the ditch is also an integral part of the highway because it serves as a drainage culvert for the road's surface, allowing motorists to proceed along the highway without hydroplaning and losing control.

Nevertheless, the circuit court correctly rejected this argument because plaintiff did not seek recovery for the failure of the ditch to properly drain water from the road, but sought recovery on the basis that the ditch posed a danger to vehicles leaving the road. In *Anderson v Macomb Co Road*

*Comm,* 143 Mich App 735; 372 NW2d 651 (1985), the plaintiff was injured when the vehicle in which she was a passenger went over the roadside curb and struck a utility pole located two feet from the curb. This Court distinguished between liability involving traffic signs, which is premised upon the message the sign was to convey to assist safe travel, and liability based on the design of the highway system. This Court held that the utility pole was not within the improved portion of the highway for purposes of MCL 691.1402; MSA 3.996(102). *Id.*

Likewise, the ditch in this case was not part of the improved portion of the road. We do not pretend that the ditch failed to contribute to the cause of plaintiff's injuries, but remain focused on the fact that the state has waived its governmental immunity with regard to only those improved portions of the highway designated for vehicular travel. *Id.* Consequently, because plaintiff did not seek recovery for the ditch's failure to properly drain water from the road, summary disposition of plaintiff's claim was appropriate.

Plaintiff also contends that summary disposition was improper because the ditch is within the shoulder of the roadway, thereby imposing an obligation on defendants to safely maintain it. Plaintiff maintains that the shoulder area should be calculated according to the standards of the American Association of State Highway and Transportation Officials (AASHTO), which would include the ditch as part of the shoulder.

The AASHTO standards are intended as guidelines and are not mandatory. The duty to maintain highways in reasonable repair includes shoulders and areas within the reach of a vehicle without any of its wheels leaving the shoulder. *Carney v Dep't of Transportation,* 145 Mich App 690, 696-

699; 378 NW2d 574 (1985). This so-called four-wheel rule does not define the shoulder area with mathematical precision, but establishes the duty to maintain a shoulder in reasonable repair such that the average vehicle would be reasonably safe in the event that it became necessary to drive on the shoulder or the vehicle accidentally deviated from the portion of the road designated for travel. *Pomeroy v Dep't of Transportation,* 175 Mich App 556, 560-561; 438 NW2d 264 (1988). We find that the 4½-foot shoulder was reasonably safe for travel for the average vehicle. We conclude that the circuit court did not err in granting in part defendants' motion for summary disposition.

III

Next, defendants contend that the circuit court erred in denying their motion for summary disposition of their claim that they had no duty to erect a guardrail. The circuit court held that the issue whether defendants should have installed guardrails was a question of material fact for the jury. Defendants argue that their duty to repair and maintain the highway is limited to only the improved portion of the road, and because the ditch is not a part of the improved portion of the highway, they are not required to install guardrails to prevent vehicles from entering it. On the other hand, plaintiff claims that the issue whether defendants have the duty to install a guardrail between the ditch and the highway so as to make the road reasonably safe for travel is properly determined by a jury. We agree with plaintiff.

MCL 691.1402; MSA 3.996(102) requires the appropriate government agency to keep the highways under its jurisdiction in reasonable repair so that the highway is reasonably safe and conve-

nient for public travel. In *Anderson, supra,* p 741, this Court stated:

> The sole purpose for the existence of a guardrail is to improve safety by ensuring that vehicles do not leave the road at points where danger will be encountered, such as where the road passes over a river. Guardrails thus "relate to the safe flow of traffic" and the appropriate government agency should be held responsible for proper design, placement, and maintenance. [Citation omitted.]

Defendants protest against the alleged prohibitive cost of requiring the installation of a guardrail along the entire length of a highway with an adjacent ditch. However, the determination of the reasonableness of highway safety is necessarily a factual determination to be made by a jury. *Hall v Dep't of State Hwys,* 109 Mich App 592, 605; 311 NW2d 813 (1981). Because the issue whether the road was reasonably safe involves questions of fact concerning proximate cause and the reasonableness of installing a guardrail, the circuit court correctly concluded that summary disposition was inappropriate.

IV

Defendants maintain that even if the issue whether a guardrail was necessary is a question of fact, plaintiff failed to establish that the roadway was not reasonably safe.

A motion for summary disposition under MCR 2.116(C)(10) tests the factual support for a claim. Giving the benefit of reasonable doubt to the non-moving party, the court must determine whether a record might be developed that would leave open an issue upon which reasonable minds may differ. *Pemberton v Dharmani,* 188 Mich App 317, 320;

469 NW2d 74 (1991); *Petaja v Guck,* 178 Mich App 577, 578; 444 NW2d 209 (1989). The party opposing the motion has the burden of showing, by affidavits or other documentary evidence, a genuine issue for trial. *Mirza v Maccabees Life & Annuity Co,* 187 Mich App 76, 80; 466 NW2d 340 (1991).

First, defendants purport that the deposition testimony shows that plaintiff's car rolled over before entering the ditch. Defendants maintain that there is no proximate cause between the ditch and plaintiff's injuries. However, plaintiff testified that he did not know when his vehicle began to roll or what caused the vehicle to roll. Additionally, the accident reconstruction specialist and the investigating state police officer testified that plaintiff's vehicle did not begin to roll until it entered the ditch. Given the dispute concerning when the vehicle rolled, the issue of proximate cause should have been left to the jury. See *Arbelius v Poletti,* 188 Mich App 14, 21; 469 NW2d 436 (1991).

Second, despite the rule of law that the reasonableness of highway safety is necessarily a factual question, *Hall, supra,* defendants aver that there is no genuine issue of material fact concerning the safety of the highway because it conformed with applicable safety standards. Defendants believe that the deposition testimony of plaintiff's expert witness indicates that the highway was reasonably safe because the ditch was more than ten feet from plaintiff's traffic lane and that guardrails were unnecessary. However, it is not clear that plaintiff's expert unequivocally conceded either of these points. Indeed, the affidavits of plaintiff's expert filed in response to defendants' motion for summary disposition clarified his testimony and indicated that in his opinion defendants failed to use reasonable care in maintaining the highway.

Plaintiff met his burden of showing that the safety of the highway was a genuine issue of fact for trial. Thus, we conclude that the circuit court did not err in denying in part defendants' motion for summary disposition.

The circuit court's order granting in part and denying in part defendants' motion for summary disposition is affirmed.