CHANEY v DEPARTMENT OF TRANSPORTATION

Docket No. 131092. Submitted June 17, 1992, at Lansing. Decided
March 16, 1993, at 9:20 A.M. Leave to appeal sought.

Ray Chaney brought an action in the Court of Claims against the
Department of Transportation, seeking damages for injuries he
sustained when his motorcycle went over a curb on an overpass
and hit a guardrail and concrete wall. The court, James R.
Giddings, J., rejecting a claim of governmental immunity,
denied summary disposition for the defendant. The defendant
appealed by leave granted.

The Court of Appeals *held:*

Liability under the highway exception to governmental im-
munity extends only to the improved portion of the highway
designed for vehicular travel. Guardrails and concrete walls
beyond the curbs of an overpass, such as those at issue in this
case, are not part of the improved portion of the highway
designed for vehicular travel. Thus, their design, construction,
or maintenance may not serve as a basis for liability.

Reversed.

*Gittleman, Paskel, Tashman & Blumberg, P.C.*
(by *Clifford Paskel* and *Jeffrey H. Goldman*), for
the plaintiff.

*Frank J. Kelley,* Attorney General, *Thomas L.
Casey,* Solicitor General, and *Brenda E. Turner*
and *Elaine Dierwa Fischhoff,* Assistant Attorneys
General, for the defendant.

Before: SULLIVAN, P.J., and MACKENZIE and I. B.
TORRES,* JJ.

PER CURIAM. Defendant appeals by leave
granted from an order denying its motion for

* Recorder's Court judge, sitting on the Court of Appeals by assign-
ment.

summary disposition pursuant to MCR 2.116(C)(7). We reverse.

Plaintiff was injured while riding his motorcycle on an overpass. As plaintiff crossed the overpass, he began to switch lanes. He noticed a car immediately behind him about to collide with him. Plaintiff attempted to straighten his course, but his motorcycle went over the curb, hit the railing, and bounced back across the lane to the middle of the overpass ramp.

The overpass consisted of two road lanes with curbs. Metal guardrails ran parallel to the approach to the overpass a few feet beyond the curve. A short concrete wall ran parallel to the curbs on the overpass.

Plaintiff sued defendant, claiming that defendant's design and construction of the concrete wall and railing contributed to his injuries. Defendant moved for summary disposition, claiming governmental immunity. The trial court denied the motion, holding that governmental immunity did not apply. We agree with defendant that this holding was erroneous.

MCL 691.1402; MSA 3.996(102) sets forth the highway exception to governmental immunity. The statute imposes upon the state a narrowly drawn duty to repair and maintain roadways. Under the statute, this duty extends "only to the improved portion of the highway designed for vehicular travel and shall not include sidewalks, crosswalks or any other installation outside of the improved portion of the highway designed for vehicular travel." MCL 691.1402(1); MSA 3.996(102)(1). The legislative intent of the statute was to impose a duty to keep the traveled roadbed in reasonable repair. *Scheurman v Dep't of Transportation,* 434 Mich 619, 631; 456 NW2d 66 (1990). Thus, the statutory phrase "improved portion of

the highway designed for vehicular travel" refers only to the traveled portion of the roadbed actually designed for public vehicular travel. *Id.*

In this case, we are satisfied that the concrete wall, while part of the overpass structure, was not designed for vehicular traffic, but instead constituted an "other installation outside of the improved portion of the highway designed for vehicular travel." MCL 691.1402(1); MSA 3.996(102)(1). Because the barrier was neither "roadbed" nor "designed for vehicular travel," *Scheurman, supra,* governmental immunity applies and defendant should not be held liable for plaintiff's injuries.

We note that it has been suggested that this Court's decision in *Hutchinson v Allegan Co Bd of Road Comm'rs (On Remand),* 192 Mich App 472; 481 NW2d 807 (1992), might affect the outcome of this case. We do not agree. Stare decisis dictates that we follow the Supreme Court's holding in *Scheurman.* Moreover, the holdings in *Hutchinson* —that a roadside ditch was not part of the improved portion of a highway, and that there was an issue of fact regarding the safety of the highway—are inapposite to this case. Under *Scheurman,* it is clear to us that a barrier positioned outside the curbs on an overpass is not part of the traveled portion of the roadbed designed for vehicular travel. As such, governmental immunity precludes plaintiff's claim against defendant.

Reversed.