ZWOLINSKI v DEPARTMENT OF TRANSPORTATION

Docket No. 138333. Submitted October 19, 1993, at Lansing. Decided
June 7, 1994, at 9:00 A.M.

Joan Zwolinski, as personal representative of the estate of Dennis
M. Zwolinski, deceased, and James Zwolinski brought actions in
the Court of Claims against the Department of Transportation,
seeking damages resulting from Dennis' death and James'
injury in a single-automobile accident. The actions were consol-
idated and the court, James T. Corden, J., found that the
defendant breached its duty to construct and maintain in a
reasonably safe manner the intersection where the accident
occurred. The court awarded damages to Dennis' estate, to
Dennis' wife, to each of Dennis' three children, and to James.
The damages awarded to James were reduced by fifty percent
for his comparative negligence. The awards to Dennis' estate
and to James were reduced by five percent for their failure to
wear seat belts. The defendant appealed.

The Court of Appeals *held:*

1. This case involves a question of fact regarding whether a
particular stretch of highway is reasonably safe. While liability
may not be premised solely on features located outside that
portion of the roadway designed for public vehicular travel,
such as the culvert and embankment in this case, the factfinder
may consider those features when determining whether there
is a duty to install a guardrail so as to make the road reason-
ably safe for travel.

2. This case must be remanded to the trial court for detailed
findings of fact and conclusions of law concerning the design
and construction of the roadway. The court must expand upon
and clarify the language in its written opinion that "according
to expert testimony, the design and construction of the intersec-
tion was unsafe as compared with similar intersections, and

REFERENCES

Am Jur 2d, Municipal, County, School, and State Tort Liability
§§ 61, 108, 138, 290.

Liability, in motor vehicle-related cases, of governmental entity for
injury, death, or property damage resulting from defect or ob-
struction in shoulder of street or highway. 19 ALR4th 532.

that safer and more reasonable construction and installations were available."

3. The trial court erred in finding that the culvert and embankment constituted a nuisance. There is no public nuisance or intentional nuisance exception to governmental immunity. Further, this case does not involve a nuisance per se. The decision of the trial court is reversed to the extent that it holds that the defendant is liable under a nuisance theory.

Reversed in part and remanded.

1. GOVERNMENTAL IMMUNITY — HIGHWAYS.

Although a governmental agency's liability under the public highways exception to governmental immunity may not be premised solely upon features located outside that portion of a roadway designed for public vehicular travel, those features may be considered in determining whether there is a duty to install a guardrail so as to make the road reasonably safe for travel (MCL 691.1402; MSA 3.996[102]).

2. GOVERNMENTAL IMMUNITY — EXCEPTIONS — PUBLIC NUISANCE — INTENTIONAL NUISANCE.

There is no public nuisance or intentional nuisance exception to governmental immunity.

*Luce, Henderson, Heyboer, Lane, Burleigh, Currier & Martinek* (by *David R. Heyboer*), for James Zwolinski.

*Flanigan, Traver, Nelson & Emerson* (by *Daniel A. Traver* and *Patrick K. Emerson*), for the estate of Dennis M. Zwolinski, deceased.

*Frank J. Kelley,* Attorney General, *Thomas L. Casey,* Solicitor General, and *Brenda E. Turner,* Assistant Attorney General, for the defendant.

Before: MICHAEL J. KELLY, P.J., and SHEPHERD and MURPHY, JJ.

PER CURIAM. Defendant appeals as of right from two judgments of the Court of Claims awarding damages to James Zwolinski and the estate of Dennis Zwolinski, deceased, for injuries arising out

of an automobile accident. We remand for a clarification of the trial court's findings of fact and conclusions of law concerning the design and construction of the roadway upon which Dennis and James Zwolinski were injured.

Except for the ambiguity in the trial court's findings concerning the design and construction of the roadway, the essential facts are undisputed. On November 19, 1987, James and Dennis Zwolinski were injured in a single-automobile accident that occurred near the intersection of Highway M-35 and 26th Lane in Delta County. Dennis died as a result of the accident, and James sustained permanent injuries. The accident occurred at approximately 10:50 P.M. as Dennis and James were traveling north on M-35. They had been drinking beer that evening.[1] The trial court found that as they were traveling on M-35 their vehicle traversed a patch of ice, slid sideways into the southbound lane of M-35, crossed the shoulder of the highway, slid down and along a slope toward the intersection, and became airborne when the vehicle struck a culvert running underneath 26th Lane and parallel to M-35. The vehicle ultimately came to rest north of 26th Lane and west of M-35.

Following a bench trial, the trial court found that defendant had breached its duty to construct and maintain the intersection in a reasonably safe manner. Of particular relevance, the trial court found as follows in a written opinion dated February 5, 1991:

With respect to the duty imposed upon the Defendant State of Michigan, the Court first finds that Defendant had jurisdiction over and was responsible for the design, construction, and mainte-

[1] Open containers of beer were found in the vehicle after the accident.

nance of the intersection of M-35 and 26th Lane, including the slopes and the culverts servicing and accommodating the intersection. It was therefore incumbent upon the Defendant to reconstruct and maintain the intersection in a manner reasonably safe and convenient for public travel, but Defendant failed in this regard by installing a non-flared 18 inch steel culvert with two 18 inch precast concrete rings placed in a location which constituted a dangerous object within a thirty foot clear zone (27 feet from the traveled portion), and further, that the 1 to 1 slope as constructed and/or maintained violated the proper standards of construction and maintenance of highways and their intersections. It is further determined that the negligent construction and the improper maintenance of the intersection, being of many years standing, constituted a nuisance on November 19, 1987. Also, according to expert testimony, the design and construction of the intersection was unsafe as compared with similar intersections, and that safer and more reasonable construction and installations were available.

In addition, the trial court found that James was driving the vehicle and he was impaired by alcohol at the time of the accident. The trial court also found that James was driving the vehicle too fast for existing conditions and, therefore, he was fifty percent comparatively negligent.

Through an order dated February 20, 1991, the trial court awarded damages in the amount of $333,110.81 to Dennis' estate for the present value of his wage loss, $300,000 to Dennis' wife, Joan, for loss of society and companionship, and $100,000 to each of Dennis' three children for loss of society and companionship. Through an order dated February 25, 1991, the trial court assessed James' damages at $300,000, which were reduced by fifty percent for his comparative negligence. The awards to Dennis' estate and to James were re-

duced by five percent for their failure to wear safety belts. Defendant appeals from these two final orders of the trial court awarding plaintiffs damages.

I

First, defendant argues that the trial court erred in failing to grant defendant's motion for summary disposition on the basis of governmental immunity. Defendant maintains that this case does not fall under the public roadways exception to governmental immunity, MCL 691.1402; MSA 3.996(102), because the embankment and culvert involved in the accident were not part of the improved portion of the highway designed for vehicular travel.

Defendant relies heavily upon our Supreme Court's decision in *Scheurman v Dep't of Transportation,* 434 Mich 619; 456 NW2d 66 (1990). However, the facts in this case do not parallel those in *Scheurman, supra.* The Supreme Court in *Scheurman* concluded that the public roadway exception to governmental immunity was not applicable to street lighting or to vegetation growing on private property because they were both located outside "the improved portion of the highway designed for vehicular travel." *Id.* at 635-636. The case at bar involves neither vegetation nor street lighting, but a question of fact regarding the reasonable safety of a particular stretch of highway.

Although the trial court's findings of fact and conclusions of law are unclear, it appears that one of the reasons for the trial court's decision to award damages to plaintiffs was the lack of guard-

rails on the stretch of highway in question.[2] In *Hutchinson v Allegan Co Bd of Road Comm'rs (On Remand)*, 192 Mich App 472, 479; 481 NW2d 807 (1992), a panel of this Court agreed with the plaintiff's position in that case that "the issue whether defendants have the duty to install a guardrail between the ditch and the highway so as to make the road reasonably safe for travel is properly determined by the [finder of fact]." Thus, while liability may not be premised solely upon features located outside that portion of the roadway designed for public vehicular travel (such as the culvert and embankment in this case), the factfinder may consider those features when determining whether there is a duty to install a guardrail so as to make the road reasonably safe for travel. *Id.* at 478-480.

Another panel of this Court in *Chaney v Dep't of Transportation*, 198 Mich App 728, 730; 499 NW2d 29 (1993), found *Hutchinson* "inapposite" and concluded that a concrete wall located beyond the curb did not fall within the "traveled portion of the roadbed designed for vehicular travel." The panel in *Chaney* concluded that the Supreme Court's decision in *Scheurman, supra,* was controlling because of its narrow interpretation of the roadway exception to governmental immunity.

We find *Chaney* distinguishable from the present case to the extent that the trial court may have predicated liability on the lack of a guardrail. Here, unlike in *Chaney,* there was no curb on the edge of the roadway to delineate the traveled portion of the roadbed. The embankment was adjacent to the shoulder of the road. Perhaps most

---

[2] It would appear that the lack of guardrails figured in the trial court's conclusions because the argument was raised at trial, it was supported by expert testimony, and the trial court's opinion notes that "safer and more reasonable construction and installations were available."

compelling, there was expert testimony that the placement of a guardrail along the edge of the roadway may have reduced the injuries. In light of these important distinctions, we decline to follow *Chaney.* Unlike the panel in *Chaney,* we are not convinced that this case is controlled by *Scheurman,* as discussed previously. Further, under Administrative Order No. 1994-4, it would appear that *Hutchinson,* and not *Chaney,* is controlling authority regarding this question.

Accordingly, it is necessary to remand this matter to the trial court to make detailed findings of fact and conclusions of law concerning the design and construction of the roadway. In particular, the trial court is instructed to expand upon and clarify the language in its written opinion that "according to expert testimony, the design and construction of the intersection was unsafe as compared with similar intersections, and that safer and more reasonable construction and installations were available." The trial court should consider *Hutchinson, Chaney,*[3] and *Scheurman, supra,* on remand.

II

Next, defendant argues that it should not be held liable for the natural accumulation of ice and snow on the roadway. However, the trial court did not base its verdict on this theory. While the trial court did find that there was an "unnatural" accumulation of ice and snow on the roadway, it also found that defendant had not breached its duty to remove the ice and snow because defendant did not have notice of a dangerous condition. Simply put, the trial court did not base its finding

---

[3] We direct the trial court to consider also *Chaney* in the event that the trial court's imposition of liability was not predicated upon the lack of a guardrail. We believe that *Hutchinson, Chaney,* and *Scheurman* create a spectrum of authority concerning features that are located outside the traveled portion of the roadway.

of liability on this theory. Therefore, this issue is without merit.

### III

Next, defendant argues that the trial court erred in finding that the culvert and embankment constituted a nuisance. Here we must agree with defendant's position. There is no public nuisance or intentional nuisance exception to governmental immunity. *Li v Feldt (After Second Remand)*, 439 Mich 457, 462; 487 NW2d 127 (1992) (opinion by CAVANAGH, C.J.); *Epperson v Crawford Co Road Comm*, 196 Mich App 164, 167; 492 NW2d 455 (1992). Further, it is clear that this case does not involve a nuisance per se because the culvert and embankment do not create a nuisance at all times and under all circumstances. *Li, supra* at 476. As a result, we reverse the decision of the trial court to the extent that it holds defendant liable under a nuisance theory.

### IV

Defendant's remaining issues relate to plaintiffs' damages. However, these remaining issues have not been properly preserved for appeal. Defendant either attempts to raise these issues for the first time on appeal, *Berry v J & D Auto Dismantlers, Inc*, 195 Mich App 476, 480; 491 NW2d 585 (1992), or has failed to provide this Court with a copy of the relevant transcript to facilitate appellate review. *Myers v Jarnac*, 189 Mich App 436, 444; 474 NW2d 302 (1991). In any event, we are not convinced that defendant's remaining issues concerning the calculation of damages possess merit.

Reversed in part and remanded for the trial court to make further findings of fact and conclusions of law as discussed herein. We retain jurisdiction.