ZWOLINSKI v DEPARTMENT OF TRANSPORTATION
(AFTER REMAND)

Docket No. 138333. Submitted August 4, 1994, at Lansing. Decided
May 12, 1995, at 9:10 A.M. Leave to appeal sought.

    Joan Zwolinski, as personal representative of the estate of Dennis
M. Zwolinski, and James Zwolinski brought actions in the
Court of Claims against the Department of Transportation,
alleging liability under the highway exception to governmental
immunity for the death of the decedent and the injury of
James Zwolinski in a single-car accident at an intersection. The
actions were consolidated, and the court, James T. Corden, J.,
following a trial, found in favor of the plaintiffs, determining in
part that the defendant had failed to construct and maintain a
reasonably safe intersection. The Court of Appeals, MICHAEL J.
KELLY, P.J., and SHEPHERD and MURPHY, JJ., reversed and
remanded for detailed findings of fact and conclusions of law
concerning the design and construction of the intersection. 205
Mich App 532 (1994). On remand, the trial court concluded that
the defendant's failure to install a guardrail at the intersection
was the basis for liability.

    After remand, the Court of Appeals *held:*

    It is clear from the opinions in *Chaney v Dep't of Transportation,* 447 Mich 145 (1994), that a majority of the justices of the
Supreme Court is of the opinion that a failure to install a
guardrail is not a basis for liability under the highway exception to governmental immunity.

    Reversed.

GOVERNMENTAL IMMUNITY — HIGHWAY EXCEPTION — GUARDRAILS.

    Failure to install a guardrail on a highway is not a basis for
liability under the highway exception to governmental immunity (MCL 691.1402; MSA 3.996[102]).

*Flanigan, Traver, Nelson & Emerson* (by *Daniel*

REFERENCES

Am Jur 2d, Highways, Streets, and Bridges §§ 103-109, 617.

See ALR Index under Governmental Immunity or Privilege; Guardrails and Handrails.

*A. Traver* and *Patrick K. Emerson*), for Joan Zwolinski.

*Luce, Henderson, Heyboer & Lane* (by *David R. Heyboer*), for James Zwolinski.

*Frank J. Kelley,* Attorney General, *Thomas L. Casey,* Solicitor General, and *Brenda E. Turner,* Assistant Attorney General, for the Department of Transportation.

AFTER REMAND

Before: MICHAEL J. KELLY, P.J., and HOLBROOK, JR., and MURPHY, JJ.

PER CURIAM. This case is again before this Court following our remand to the trial court. This case involves the public roadways exception to governmental immunity, MCL 691.1402; MSA 3.996(102). The relevant facts are contained in our prior opinion, *Zwolinski v Dep't of Transportation,* 205 Mich App 532; 517 NW2d 852 (1994). Previously, we found it necessary to remand this matter, as follows:

> Accordingly, it is necessary to remand this matter to the trial court to make detailed findings of fact and conclusions of law concerning the design and construction of the roadway. In particular, the trial court is instructed to expand upon and clarify the language in its written opinion that "according to expert testimony, the design and construction of the intersection was unsafe as compared with similar intersections, and that safer and more reasonable construction and installations were available." [*Id.,* at 538.]

On remand, the trial court expanded upon its findings. The court found that defendant's failure

to install a guardrail at the intersection "was the proximate cause of plaintiffs' injuries." The trial court found that a guardrail was necessary because of the steep slope of the embankment adjoining the roadway and the presence of a nonflared culvert that ran underneath the intersecting side road, parallel to the main road. The trial court relied on *Hutchinson v Allegan Co Bd of Rd Comm'rs (On Remand),* 192 Mich App 472, 479; 481 NW2d 807 (1992), in support of its conclusion that defendant may be held liable for the failure to install a guardrail.

We also had relied upon *Hutchinson* in our earlier opinion for the proposition that "while liability may not be premised solely upon features located outside that portion of the roadway designed for public vehicular travel (such as the culvert and embankment in this case), the fact-finder may consider those features when determining whether there is a duty to install a guardrail so as to make the road reasonably safe for travel." *Zwolinski, supra* at 537. Previously, we distinguished the case of *Chaney v Dep't of Transportation,* 198 Mich App 728; 499 NW2d 29 (1993), and found that *Hutchinson* was prior controlling authority under Administrative Order No. 1994-4.

Since the release of this Court's earlier opinion in *Zwolinski,* as well as the trial court's opinion on remand from this Court, our Supreme Court decided the appeal brought from this Court's opinion in *Chaney.* In *Chaney v Dep't of Transportation,* 447 Mich 145; 523 NW2d 762 (1994), a majority of the justices agreed that the defendant Department of Transportation could not be held liable for an alleged defect in a guardrail.[1] A majority of the

---

[1] In Chaney, Justice BRICKLEY concluded that because the railing was not located physically within the improved portion of the highway designed for vehicular travel, and because it did not integrally

Supreme Court is of the opinion that there can be no liability for an alleged failure to install a guardrail.[2] Although the Supreme Court in *Chaney* did not specifically reverse, modify, or mention this Court's opinion in *Hutchinson,* we are constrained to conclude that *Chaney* has implicitly overruled this Court's opinion in *Hutchinson.* Accordingly, we reverse the two judgments of the Court of Claims awarding damages to James Zwolinski and the estate of Dennis Zwolinski, deceased, for injuries arising out of the automobile accident.

Reversed.

---

and directly affect safe vehicular travel on the improved portion of the highway, the highway exception to governmental immunity was inapplicable. Justice RILEY, joined by Justice GRIFFIN, concurring in part and dissenting in part, concluded that there could be no liability because the railing was not part of the improved portion of the highway designed for vehicular travel. Justice BOYLE, concurring, concluded that the claim was barred because the plaintiff did not allege a failure to repair and maintain the paved surface of the roadway or a traffic sign or signal. Chief Justice CAVANAGH, concurring, found that Justice BRICKLEY's and Justice BOYLE's interpretations were preferable from a policy standpoint, but that Justice RILEY's interpretation was in accord with the plain language of the statute. Justice LEVIN, joined by Justice MALLETT, dissented.

[2] *Chaney, supra* at 161, 162. The facts in this case more closely parallel the situation in *Hutchinson* than in *Chaney,* as discussed in our prior opinion. However, the legal reasoning of the majority of the justices in *Chaney* apply in this case to invoke immunity.