## RUFF v ISAAC

Docket No. 192615. Submitted March 5, 1997, at Detroit. Decided October 17, 1997, at 9:00 A.M.

Robert and Georgette Ruff brought an action in the Genesee Circuit Court against Imad Isaac, seeking to quiet title following the sale of the plaintiffs' residence to the defendant at a tax sale and the transfer of the property's title to the defendant. The complaint alleged that the defendant failed to exercise due diligence in determining whether the Internal Revenue Service complied with all the statutory procedures required to divest the plaintiffs of their interest in the property and consummate its sale to the defendant and that, because of these procedural defects, the defendant did not possess valid title to the property. The court, Christopher R. Odette, J., granted summary disposition for the defendant. The plaintiffs appealed.

The Court of Appeals *held*:

1. Where a delinquent taxpayer presents a claim contesting the government's ability to pass clear title to the taxpayer's property at a tax sale on the basis that the government failed to follow statutorily required procedural safeguards, the purchaser bears the burden of proving that the purchaser's title is superior by demonstrating that the statutory requirements were met.

2. The plaintiffs did not challenge on appeal the court's finding regarding the required notice of levy. Therefore, the issue was abandoned.

3. No genuine issue of material fact existed regarding whether the IRS' service of the notices of seizure and sale was proper. The court properly found that the appropriate section of the Internal Revenue Code did not require the plaintiffs to be served personally with the notices under the circumstances of this case.

4. A disputed issue of material fact did exist with regard to the government's compliance with the statutory notice requirements pertaining to a notice of deficiency. The order granting summary disposition must be reversed, and the matter must be remanded.

Reversed and remanded.

1. TAXATION — TAX SALES — COMPLIANCE WITH STATUTES — BURDEN OF PROOF.
   The general rule applicable when a delinquent taxpayer contests a third-party purchaser's title to the taxpayer's property acquired through a tax sale is that the burden of showing literal compliance with statutes governing the sale of land for taxes is upon the claimant under the tax sale.

2. TAXATION — DELINQUENT TAXPAYERS — NOTICE OF SEIZURE OF PROPERTY.
   Written notice of the Secretary of the Treasury's seizure of a delinquent taxpayer's property may be left at the taxpayer's abode as an alternative means of giving notice to the taxpayer; personal service on the taxpayer is not required (26 USC 6335[a]).

3. TAXATION — DELINQUENT TAXPAYERS — NOTICE OF SALE OF PROPERTY.
   Notice of the sale of a delinquent taxpayer's property may be sent by the Secretary of the Treasury to the taxpayer at the taxpayer's last known address by certified mail when the taxpayer cannot be readily located (26 USC 6335[a]).

4. TAXATION — DELINQUENT TAXPAYERS — NOTICE OF DEFICIENCY.
   The Internal Revenue Service must mail a notice of deficiency by certified or registered mail to a delinquent taxpayer's last known address before it may make an assessment for delinquent taxes, which in turn is a prerequisite to the seizing and selling of a delinquent taxpayer's property; actual receipt of the notice by the taxpayer is not required (26 USC 6212).

Robert and Georgette Ruff, in propria persona.

*Sabo & Riem, Attorneys at Law, P.C.* (by *Kyle R. Riem*), for the defendant.

Before: DOCTOROFF, P.J., and MICHAEL J. KELLY and YOUNG, JJ.

YOUNG, J. This case involves a challenge to an Internal Revenue Service tax sale of real property owned by plaintiffs. Plaintiffs brought suit to quiet title following the sale and transfer of the property's title to defendant. Plaintiffs appeal as of right from the trial court's order granting defendant's motion for summary disposition pursuant to MCR 2.116(C)(10). On appeal, plaintiffs assert that, because the IRS failed to

adhere to federal statutorily prescribed procedural notice provisions, plaintiffs have superior title to the property. We reverse and remand.

I

On January 31, 1995, the IRS seized real property (a residence) owned by plaintiffs because of their failure to pay income tax. Defendant submitted a bid on the property at a closed-bid sale conducted by the IRS. Defendant's was the highest bid; consequently, a certificate of sale was issued to him in May 1995. After waiting the 180-day redemption period required by 26 USC 6337, the IRS presented defendant with a deed for the property at issue on October 24, 1995. Plaintiffs did not attempt to redeem their property.[1] Instead, on September 11, 1995, plaintiffs filed a two-count complaint to quiet title, alleging (1) that defendant failed to exercise due diligence in determining whether the IRS complied with all statutory procedures required to divest plaintiffs of their interest in the property and consummate its sale to defendant, and (2) that, because of these procedural defects, defendant possessed no valid title to plaintiffs' property.[2] Defendant filed a motion for summary disposition that, following an evidentiary hearing, the trial

[1] There is no evidence in the record that plaintiffs attempted before the expiration of the redemption period or before commencing this action to quiet title to inform the government or defendant of the claimed procedural invalidity of the seizure or sale.

[2] Count 1 of plaintiffs' complaint alleged that defendant failed to exercise "due diligence" to assure that the IRS followed the statutorily required notice procedures and that this caused plaintiffs to suffer "emotional, physical, and monetary damages." Plaintiffs also make reference in their appellate brief to defendant's failure to use "due diligence." The trial court never addressed this aspect of plaintiffs' complaint. While this appears to be at first glance a claim sounding in negligence (and, in fact, defendant treated it as such below and on appeal), plaintiffs have since expressly

court granted pursuant to MCR 2.116(C)(10). Plaintiffs then filed the present appeal.

II

On appeal, plaintiffs essentially argue that the trial court erred in granting defendant's motion for summary disposition pursuant to MCR 2.116(C)(10) because genuine issues of material fact remained concerning whether the IRS complied with all necessary statutory notice procedures. We agree.

This Court reviews a motion for summary disposition de novo. *Stehlik v Johnson (On Rehearing)*, 206 Mich App 83, 85; 520 NW2d 633 (1994). A motion for summary disposition pursuant to MCR 2.116(C)(10) tests the factual basis underlying a plaintiff's claim. *Radtke v Everett*, 442 Mich 368, 374; 501 NW2d 155 (1993). MCR 2.116(C)(10) permits summary disposition when "[e]xcept as to the amount of damages, there is no genuine issue as to any material fact, and the moving party is entitled to judgment or partial judgment as a matter of law." A court reviewing such a motion, therefore, must consider the pleadings, affidavits, depositions, admissions, and any other admissible evidence in favor of the party opposing the motion, grant that party the benefit of any reasonable doubt, and determine whether there is a genuine issue of disputed fact. *Id.*

We note initially that although plaintiffs' complaint to quiet title invoked the trial court's equity jurisdiction, *Howard v Adle*, 538 F Supp 504, 508 (ED Mich, 1982), the question of the validity of the tax deed at

denied that they were ever asserting such a claim. Therefore, we deem this claim abandoned.

issue must be determined in accordance with federal law. *Popp v Eberlein*, 409 F2d 309, 311 (CA 7, 1969). State courts have jurisdiction to decide such a question. *Id.*

When a delinquent taxpayer contests a third-party purchaser's title to property acquired through a tax sale, the general rule is that "the burden of showing literal compliance with statutes governing the sale of land for taxes is upon the claimant under the tax sale." *McAndrews v Belknap*, 141 F2d 111, 115 (CA 6, 1944); *Johnson v Gartlan*, 470 F2d 1104, 1106 (CA 4, 1973). This rule was initially announced in *Marx v Hanthorn*, 148 US 172; 13 S Ct 508; 37 L Ed 410 (1893), where the Supreme Court held: "[I]t is the rule, when not modified by statute, that the [burden] of proof is on the holder of a tax deed to maintain his title by affirmatively showing that the provisions of the law have been complied with." *Id.* at 180. This rule is consistent with the inarguable proposition that the tax sale purchaser cannot obtain a clear title if the government failed to perfect its right to sell one. Consequently, if a delinquent taxpayer presents a claim contesting the government's ability to pass a clear title on the basis that the government failed to follow statutorily required procedural safeguards, the purchaser bears the burden of proving that his title is superior by demonstrating that such requirements were met.

Plaintiffs specifically raised in the trial court four defects concerning the government's perfection of its right to seize and sell their home. Plaintiffs argued below that the IRS failed to provide the required statutory notices of (1) tax deficiency, (2) intent to levy, (3) seizure, and (4) sale, each of which is required by

federal law. See 26 USC 6212, 6331, and 6335.[3] We begin our analysis with a brief discussion of the relevant notice provisions.

Under 26 USC 6331(a) and (b) of the Internal Revenue Code, the Secretary of the Treasury is authorized to collect a delinquent tax by levy upon, and seizure of, all property and rights to property belonging to the taxpayer. *Troy Industrial Catering Service v State of Michigan, Dep't of Treasury*, 2 Bankr 521, 523 (ED Mich, 1980). Congress has also set forth procedures to which the IRS must adhere when proceeding with a tax sale. Upon determining that the taxpayer has failed to maintain his tax burden, the Secretary of the Treasury[4] is authorized to send a letter notifying the taxpayer of the deficiency. 26 USC 6212. The IRS is then required to notify the taxpayer regarding the levy, seizure, and sale of the property. 26 USC 6331; 26 USC 6335(a) and (b); see also *Troy Industrial, supra* at 523. Strict compliance with these provisions is required. *Goodwin v United States*, 935 F2d 1061, 1065 (CA 9, 1991). We note that plaintiffs do not challenge the trial court's finding regarding the required notice of levy, and, therefore, the issue has been effectively abandoned. *Froling v Carpenter*, 203 Mich App 368, 373; 512 NW2d 6 (1994).

---

[3] It is important to note that, with respect to the notices of seizure and sale, plaintiffs claim deficiencies based on the government's failure to serve plaintiffs *personally* with each notice, which they contend the statutes require, not based on plaintiffs' failure to receive *actual* notice of each event.

[4] When referring to the Secretary of the Treasury, such designation includes, "any officer, employee, or agency of the Treasury Department duly authorized by the Secretary of the Treasury directly, or indirectly by one or more redelegations of authority, to perform the function mentioned or described in the context." 26 USC 7701(a)(12)(A)(i).

## A

### NOTICES OF SEIZURE AND SALE

Plaintiffs first argue that the IRS failed to provide them with notice of the seizure and sale of their property. Notice of seizure and sale of property based on taxpayer delinquency is governed by 26 USC 6335. The statute provides in relevant part:

> (a) Notice of seizure.—As soon as practicable after seizure of property, notice in writing shall be given by the Secretary to the owner of the property . . . or shall be left at his usual place of abode or business if he has such within the internal revenue district where the seizure is made. *If the owner cannot be readily located, or has no dwelling or place of business within such district, the notice may be mailed to his last known address.* Such notice shall specify the sum demanded and shall contain, in the case of personal property, an account of the property seized and, in the case of real property, a description with reasonable certainty of the property seized.
>
> (b) Notice of sale.—The Secretary shall as soon as practicable after the seizure of the property give notice to the owner, in the manner prescribed in subsection (a), and shall cause a notification to be published in some newspaper published or generally circulated within the county wherein such seizure is made, or if there be no newspaper published or generally circulated in such county, shall post such notice at the post office nearest the place where the seizure is made, and in not less than two other public places. [26 USC 6335(a), (b)  (emphasis added).]

Plaintiffs' challenge to the notices of seizure and of sale in the instant case is based on the argument that the statute requires the government to serve them *personally* and that no personal service was effected in this case. We disagree. The language of the statute clearly provides that "notice in writing shall be given by the Secretary to the owner of the property . . . *or*

*shall be left at his usual place of abode . . . ."* 26 USC 6335(a) (emphasis added). When a statute is unambiguous it should be given its plain and ordinary meaning, and judicial interpretation is therefore prohibited. *Robinson v Shell Oil Co*, 519 US ___; 117 S Ct 843; 136 L Ed 2d 808 (1997). Separate meanings should be given to clauses that are separated by the disjunctive term "or" unless the context of the statute dictates otherwise. *Resolution Trust Corp v CedarMinn Building Ltd Partnership*, 956 F2d 1446, 1452 (CA 8, 1992).

In the present case, the uncontested evidence indicates that an IRS agent left the notice of seizure at plaintiffs' usual place of abode. This was an appropriate means of service under 26 USC 6335(a). Because the statute employs the term "or," Congress made clear that leaving notice at the taxpayer's abode is an acceptable alternative means of giving notice to the delinquent taxpayer.

Although the notice of seizure was posted at plaintiffs' abode, the evidence establishes that the notice of sale was sent to plaintiffs by certified mail. This method is permitted under the language of 26 USC 6335(a): "If the owner cannot be readily located, or has no dwelling or place of business within such district, the notice may be mailed to his last known address." Because plaintiffs in this case could not be "readily located," mailing of the notice was sufficient.[5] Compare *Powelson v United States*, 979 F2d 141 (CA 9, 1992). In sum, therefore, we conclude that no genuine issue of material fact exists regarding whether

---

[5] An IRS agent testified that he had attempted unsuccessfully to serve plaintiffs personally at their home ten times.

the IRS' service of the notices of seizure and sale was proper.

B

NOTICE OF DEFICIENCY

Plaintiffs also maintain that the IRS failed to deliver a notice of deficiency as required by 26 USC 6212. The statute provides in relevant part:

> (a) In general.—If the Secretary determines that there is a deficiency in respect of any tax imposed by subtitles A or B or chapter 41, 42, 43, or 44, he is authorized to send notice of such deficiency to the taxpayer by certified mail or registered mail.
> (b) Address for notice of deficiency.—
> (1) Income and gift taxes and certain excise taxes.—In the absence of notice to the Secretary under section 6903 of the existence of a fiduciary relationship, notice of a deficiency in respect of a tax imposed by subtitle A, chapter 12, chapter 41, chapter 42, chapter 43, or chapter 44, if mailed to the taxpayer at his last known address, shall be sufficient for purposes of subtitle A, chapter 12, chapter 41, chapter 42, chapter 43, chapter 44, and this chapter even if such taxpayer is deceased, or is under a legal disability, or, in the case of a corporation, has terminated its existence. [26 USC 6212(a), (b) (1).]

The IRS must mail a notice of deficiency by certified or registered mail before it can make an assessment for delinquent taxes, which in turn is a prerequisite to the seizing and selling of the taxpayer's property. *Wiley v United States*, 20 F3d 222, 224 (CA 6, 1994). However, all that is required is that the IRS mail the notice of deficiency either through certified or registered mail to the taxpayer's last known address; actual receipt is not necessary. *Id.*

Plaintiffs alleged in their complaint and argued at the hearing regarding the motion for summary disposition that a notice of deficiency was never received. Plaintiffs also filed identical affidavits in the trial court averring: "Neither the Internal Revenue Service District Director nor his delegate have issued a Notice of Deficiency (90 day letter) to the affiant." An IRS agent testified at the hearing with regard to the manner in which service was effected for all statutorily required notices *except* the notice of deficiency. When the agent was asked to explain how the notice of deficiency was served, if at all, an objection was interposed by an assistant United States attorney who appeared as the agent's "attorney" at the hearing. The trial court sustained the objection and no evidence was presented to establish whether the notice of deficiency was served on plaintiffs in any fashion.[6] Hence, an issue of material fact remained.

Accordingly, we conclude that, construing all reasonable inferences in plaintiffs' favor, plaintiffs' affidavits, at a minimum, created a disputed issue of material fact regarding the government's compliance with the statutory notice requirements. This fact question and defendant's burden under federal law to establish the validity of his title by demonstrating statutory compliance precluded the trial court from

---

[6] In the trial court attempted, and on appeal defendant attempts, to bridge this failure of proof by relying on the presumption of validity that attaches to a tax sale deed by virtue of 26 USC 6339. The presumption of validity was challenged by plaintiffs' affidavits in which they alleged the absence of service of the required notice of deficiency. Insofar as defendant, upon challenge to the presumption of validity of his deed, bore the burden of proof that the statutory notices were given, this failure of proof was fatal to defendant's motion for summary disposition under MCR. 2.116(C)(10).

granting defendant's motion for summary disposition pursuant to MCR 2.116(C)(10).

Defendant contends that, notwithstanding a failure of proofs regarding one of the statutory notice provisions, we may yet affirm the trial court's decision upon equitable grounds because (1) plaintiffs' complaint to quite title invokes the equity jurisdiction of the court, and (2) plaintiffs' conduct was inequitable because they had actual notice of the events that led to the seizure and sale of their home, but failed to take any action to raise the procedural deficiencies they now allege until after defendant received title. See, e.g., *Howard, supra* at 508 (holding that even though the government had not strictly complied with the statutory requirements, the plaintiffs were not entitled to relief because they failed to challenge that noncompliance in a prompt fashion). Although defendant's appellate argument may have merit,[7] it was not considered by the trial court. Because defendant's argument depends upon a fact-sensitive predicate, we decline to address it for the first time on appeal. *Zwolinski v Dep't of Transportation*, 205 Mich App 532, 539; 517 NW2d 852 (1994). Defendant is, of course, free to raise this issue before the trial court on remand.

Reversed and remanded. We do not retain jurisdiction.

---

[7] See n 1.