Kelly, P.J.
 

 Plaintiffs appeal as of right from the trial court’s order granting defendant’s motion for summary disposition pursuant to MCR 2.116(C)(8). We reverse and remand.
 

 The essential facts of this case are undisputed. On November 23, 1993, Jane F. McIntosh was driving her 1988 Buick and Albert J. Guzik was driving his 1991 Ford pickup truck on westbound 1-96 near Old Plank Road in Lyon Township. William Jones was driving his 1985 Camaro on eastbound 1-96 in the center lane near Old Plank Road. Jones, who was driving at an excessive rate of speed, abruptly veered to the right onto the right shoulder, swerved left across the eastbound lanes of traffic, lost control of his car, and entered the center grassy median. When he entered the median, his car became airborne, crossed the median, entered the westbound lanes of 1-96, and struck Guzik’s pickup truck, which exploded on impact. After striking the pickup truck, Jones’ car rolled and struck several vehicles, including McIntosh’s car. Guzik was killed on impact and McIntosh was severely injured.
 

 
 *381
 
 On appeal, plaintiffs argue that the trial court erred in granting defendant partial summary disposition.
 
 [1]
 
 Plaintiffs had brought claims against defendant based on the allegation that the highway was defective in that either the grassy median separating the westbound and eastbound traffic lanes of 1-96 should have been wider or a median barrier should have been installed. Plaintiffs alleged, that their claim fell within the highway exception to governmental immunity. In its motion for summary disposition, defendant argued that plaintiffs’ claims did not fall within the highway exception to governmental immunity and partial summary disposition should be granted pursuant to MCR 2.116(C)(8). The trial court granted defendant’s motion.
 

 MCR 2.116(C)(8) permits summary disposition when the “opposing party has failed to state a claim on which relief can be granted.” A motion for summary disposition brought under MCR 2.116(C)(8) tests the legal sufficiency of a claim to determine whether the opposing party’s pleadings allege a prima facie case.
 
 Smith v Kowalski,
 
 223 Mich App 610, 612-613; 567 NW2d 463 (1997). A motion under MCR 2.116(C)(8) is reviewed by this Court de novo to determine if the claim is so clearly unenforceable as a matter of law that no factual development could establish the claim and justify recovery.
 
 Smith, supra
 
 at 612-613. In a negligence action, summary disposition under MCR 2.116(C)(8) is appropriate if it is determined that according to the alleged facts, as a
 
 *382
 
 matter of law, the defendant did not owe a duty to the plaintiff.
 
 Smith, supra
 
 at 613.
 

 Plaintiffs argue that defendant was negligent in not increasing the width of the median between the opposing traffic or installing a median barrier at the point of the collision. Generally, governmental agencies are immune from tort liability when engaged in a governmental function.
 
 Iovino v Michigan,
 
 228 Mich App 125, 131; 577 NW2d 193 (1998); MCL 691.1407(1); MSA 3.996(107)(1).
 
 [2]
 
 Governmental immunity is generally very broad and is subject only to a limited number of exceptions, which are to be narrowly construed.
 
 Richardson v Warren Consolidated School Dist,
 
 197 Mich App 697, 699; 496 NW2d 380 (1992). The defective highway exception to governmental immunity, MCL 691.1402(1); MSA 3.996(102)(1), imposes a duty on governmental agencies to maintain highways under their jurisdiction in reasonable repair so that they are reasonably safe and convenient for public travel. The Supreme Court found the legislative purpose for the highway exception clear: “to enhance the safety of public travel upon state-owned highways.”
 
 Chaney v Dep’t of Transportation,
 
 447 Mich 145, 154; 523 NW2d 762 (1994).
 

 
 *383
 
 The Supreme Court in
 
 Chaney,
 
 a plurality opinion, held that the highway exception to governmental immunity did not apply to a metal guardrail or concrete abutment immediately adjacent to, but beyond, the shoulder of a state highway because it was not part of “the improved portion of the highway designed for vehicular travel.”
 
 Id.
 
 at 152. A panel of this Court in
 
 Zwolinski v Dep’t of Transportation (After Remand),
 
 210 Mich App 496, 498-499; 534 NW2d 163 (1995), indicated that in
 
 Chaney,
 
 a majority of the justices agreed that the defendant Department of Transportation could not be held liable for an alleged defect in a guardrail or an alleged failure to install a guardrail. This Court reversed the trial court’s finding on remand that the Department of Transportation could be held liable for failure to place a guardrail at an intersection, relying on
 
 Chaney
 
 in holding that the installation of a guardrail does not fall within the highway exception to governmental immunity.
 
 Id.,
 
 at 499.
 

 Plaintiffs draw our attention to
 
 Pick v Szymczak,
 
 451 Mich 607; 548 NW2d 603 (1996). In
 
 Pick,
 
 the Supreme Court noted that the highway exception abrogated governmental immunity at “points of special danger to motorists,”
 
 id.
 
 at 619, quoting
 
 Mason v Wayne Co Bd of Comm’rs,
 
 447 Mich 130, 135; 523 NW2d 791 (1994), which the Court defined as any condition that directly affects vehicular travel on the improved portion of the roadway so that such travel is not reasonably safe.
 
 Pick, supra
 
 at 623. To be a point of hazard for purposes of the highway exception, the condition must be one that uniquely affects vehicular travel on the improved portion of the roadway, as opposed to a condition that generally affects
 
 *384
 
 the roadway and its surrounding environment .... “[S]uch conditions need not be physically part of the roadbed itself.”
 
 Id.
 

 Recently, this Court stated
 
 Pick’s
 
 holding as follows:
 

 Pick
 
 stands for the proposition that a governmental entity having jurisdiction over a roadway may be held liable for its failure to provide adequate traffic control devices or warning signs at points of special danger to motorists, even if the condition presenting a special hazard is not physically part of the roadway designed for vehicular travel.
 
 [Iovino, supra
 
 at 134.]
 

 In the instant case, plaintiffs urge us to interpret
 
 Pick
 
 as supportive of the proposition that a median or a median barrier falls within the definition of “improved portion of the highway designed for vehicular traffic” and thus within the highway exception to governmental immunity. They argue that because
 
 Pick
 
 allowed the Department of Transportation to be liable for not placing a traffic light or sign at an intersection in where motorists had an obstructed view, this Court should allow defendant to be liable for not placing a wide enough median or a median barrier at a dangerous section of the highway.
 

 Unlike the facts in
 
 Chaney
 
 and
 
 Zwolinski,
 
 this case involves the allegedly negligent failure to construct an adequate grassy median or median barrier that would protect from a foreseeable hazard vehicular traffic traveling on the opposite side of a divided highway. Here, Jones’ car left the eastbound traffic lane, crossed the median, and collided with the McIntosh and Guzik vehicles in the westbound lane. In
 
 Chaney
 
 and
 
 Zwolinski,
 
 the potential hazard of driving off the road where the plaintiffs claimed the barriers should
 
 *385
 
 have been located would result in accidents occurring away from the improved portion of the highway. These are clearly different situations. As our Supreme Court noted, the legislative purpose of the highway exception is “to enhance the safety of public travel upon state-owned highways.”
 
 Chaney, supra
 
 at 154. We are not convinced of the similarity between a barrier designed to protect people and property once a car leaves the highway roadbed and a median barrier designed to protect oncoming traffic still located on the highway. To reach such a parallel would subvert the apparent intent of the Legislature.
 

 We again turn to
 
 Pick, supra
 
 at 622-623:
 

 Vehicular travel does not take place solely on the two-dimensional length and width of the roadway; rather, it occurs in three-dimensional space, and necessarily implicates factors not physically within the improved portion of the roadway itself, factors that can be points of hazard to reasonably safe vehicular travel on the interconnected network of public roadways.
 

 A point of hazard is any condition that uniquely affects vehicular travel on the improved portion of the roadway.
 
 Id.
 
 at 623. Plaintiffs have raised factual allegations showing the section of 1-96 in question to be the site of several cross-median traffic accidents. Also, the record appears to show that defendant was aware of the inherent dangers involved and contemplated the construction of median barriers. As such, we are not convinced that no factual development can establish the plaintiffs’ claim such that summary disposition should be granted pursuant to MCR 2.116(C)(8).
 
 Smith, supra
 
 at 612-613.
 

 
 *386
 
 With respect to the current state of the highway exception to governmental immunity, we turn to the expressions of our Supreme Court, which stated:
 

 We acknowledge that our prior opinions readily evidence “this Court’s badly fractured view of what the Legislature has divined in its efforts to provide this exception,” and that, even in individual cases, we have produced “badly fractured opinions.” In this case, we have attempted to clearly state a workable principle that is faithful to the plain language of the highway exception, read in its proper context, and the intent of the Legislature in providing this exception.
 
 [Pick, supra
 
 at 624 (citations omitted).]
 

 In reversing the trial court’s grant of defendant’s motion for summary disposition, we believe that we are following the Legislature’s intent. This case is remanded for further proceedings in accordance with this opinion.
 
 [3]
 
 We do not retain jurisdiction.
 

 [1]
 

 After the trial court granted defendant partial summary disposition, the parties stipulated the entry of an order dismissing plaintiffs’ remaining claims.
 

 [2]
 

 MCL 691.1407(1); MSA 3.996(107)(1) states the following:
 

 Except as otherwise provided in this act, all governmental agencies shall be immune from tort liability in all cases wherein the government agency is engaged in the exercise or discharge of a governmental function. Except as otherwise provided in this act, this act shall not be construed as modifying or restricting the immunity of the state from tort liability as it existed before July 1, 1965, which immunity is affirmed.
 

 [3]
 

 In remanding this case to the trial court, we make no determination regarding the quality or quantity of the factual evidence presented by plaintiffs. Any such determination is for the trier of fact.