IOVINO v STATE OF MICHIGAN (ON REMAND)

Docket No. 197410. Submitted January 5, 2001, at Lansing. Decided February 20, 2001, at 9:15 A.M.

Henry Iovino, as personal representative of the estate of Jean M. Iovino, deceased, brought an action in the Court of Claims against the state of Michigan, alleging that the decedent's death that occurred when the vehicle she was driving collided with a train as she turned from Dixie Highway, a state highway, onto Watkins Lake Road, a road under the control of the Oakland County Board of County Road Commissioners, was the result of the failure of the Michigan Department of Transportation to maintain adequate traffic control devices or warning signs at the intersection of Dixie Highway and Watkins Lake Road. The defendant moved for summary disposition on the basis of governmental immunity, arguing that, although it had jurisdiction of the intersection of the state highway and the county road, it had no jurisdiction at the actual site of the accident and that any failure to maintain adequate signs or traffic control signals at the intersection did not fall within the highway exception to the broad general grant of governmental immunity from tort liability that it enjoyed, because its duty to maintain a safe highway extended only to the improved portion of the highway designed for vehicular traffic. The Court of Claims, Rudy J. Nichols, J., agreed and granted summary disposition for the defendant. The plaintiff appealed. The Court of Appeals reversed, *Iovino v Michigan*, 228 Mich App 125 (1998), citing *Pick v Szymczak*, 451 Mich 607 (1996), where the Court held that a duty to provide adequate warning signs or traffic control devices at known points of hazard arises under the highway exception to governmental immunity, MCL 691.1402; MSA 3.996(102). The Supreme Court, in lieu of granting leave to appeal, remanded the matter to the Court of Appeals for reconsideration in light of *Evens v Shiawassee Co Rd Comm'rs*, 463 Mich 143 (2000), which overruled *Pick*. 463 Mich 925 (2000).

On remand, the Court of Appeals *held*:

1. The holding in *Evens*, that the state's duty under the highway exception does not extend to the installation, maintenance, repair, or improvement of traffic control devices, mandates a finding that

the Court of Claims properly held that the plaintiff's claim fails as a matter of law because it is not within the highway exception to governmental immunity.

2. The railroad crossing immunity statute, MCL 257.668(2); MSA 9.2368(2), is inapplicable to the plaintiff's allegation.

Affirmed.

GOVERNMENTAL IMMUNITY — HIGHWAY EXCEPTION.

*Philo, Atkinson, White, Stephen, Wright & Whitaker* (by *Harry M. Philo* and *Stanley L. White*), and *Guarnieri & Martinez, P.A.* (by *James W. Guarnieri*), for the plaintiff.

*Jennifer M. Granholm*, Attorney General, *Thomas L. Casey*, Solicitor General, and *Mark V. Schoen*, Assistant Attorney General, for the defendant.

ON REMAND

Before: JANSEN, P.J., and MCDONALD and DOCTOROFF, JJ.

PER CURIAM. This case is on remand from the Supreme Court for reconsideration in light of *Evens v Shiawassee Co Rd Comm'rs*, 463 Mich 143; 615 NW2d 702 (2000). 463 Mich 925 (2000). Previously, we reversed the Court of Claims' order that granted summary disposition in favor of defendant[1] on the basis

---

[1] This Court's previous opinion also included as a defendant Oakland County Board of County Road Commissioners. The Court of Claims' dis-

of governmental immunity. See *Iovino v Michigan*, 228 Mich App 125; 577 NW2d 193 (1998). In light of *Evens*, we are now compelled to affirm.

This case arises out of a train-vehicle collision in which plaintiff's decedent, Jean Marie Iovino, was killed on August 28, 1993. Iovino was driving southeast on Dixie Highway, a state highway under defendant's jurisdiction, and turned right to travel south on Watkins Lake Road, an Oakland County roadway. Northbound Watkins Lake Road ends at Dixie Highway and the two roadways intersect at a seventy-degree angle. The train tracks run almost directly parallel with Dixie Highway and across Watkins Lake Road. As a driver makes a right turn, the vehicle is almost immediately upon the train tracks as the vehicle proceeds south on Watkins Lake Road. There were two railroad crossbuck signs located on each side of the train tracks, but there were no crossing gates when the accident occurred.

At the time of the accident, when a train entered the crossing circuitry, a traffic signal on southeastbound Dixie Highway immediately became a flashing yellow light, even if it originally had been red, thus allowing the driver in the right turn lane to turn onto Watkins Lake Road. As Iovino made a right turn from Dixie Highway, she almost immediately encountered the train tracks and was struck by a

missal of the road commission was affirmed by this Court on the basis of statutory immunity under MCL 257.668(2); MSA 9.2368(2). Plaintiff has not appealed that decision and the Supreme Court ordered that only the case involving defendant state of Michigan would proceed on remand. Consequently, this opinion will deal solely with the claim against the state of Michigan.

train operated by the Grand Trunk Railroad Company.[2]

Defendant filed a motion for summary disposition in the Court of Claims, claiming that it had no jurisdiction over the actual site of the accident. It was undisputed that the collision occurred at the train crossing on Watkins Lake Road, about fifty feet south of Dixie Highway. Plaintiff's theory of liability, however, was that defendant was negligent in maintaining a dangerous interconnected flashing yellow traffic light at Dixie Highway, which allowed vehicles making a right turn to proceed even though a train was traveling through the intersection.[3] More specifically, plaintiff alleged that defendant did nothing to control or warn vehicles turning right onto the train tracks, and should have prohibited traffic from turning right by maintaining a white line with a solid red light and a "no turn on red" sign. The Court of Claims never ruled on the question of jurisdiction, but instead granted summary disposition on the basis of governmental immunity under MCL 691.1402; MSA 3.996(102) (an alternative argument posited by defendant), which limits the state's duty to maintain a highway reasonably safe for vehicular travel only to the improved portion of the highway designed for vehicular travel and does not include "any other installation

---

[2] Plaintiff originally filed suit against the Grand Trunk Railroad Company as well. The basis of the claim was that Grand Trunk failed to erect crossing gates at the train tracks despite being ordered to do so by the Michigan Department of Transportation. Grand Trunk eventually settled the lawsuit with plaintiff and has not been a party to these appeals.

[3] Defendant's claim that it did not have jurisdiction over the part of the road where the accident occurred is really a nonissue in light of plaintiff's allegation that defendant was negligent in maintaining a dangerous interconnected flashing yellow traffic light on Dixie Highway, a roadway clearly under defendant's jurisdiction.

outside of the improved portion of the highway designed for vehicular travel."

This Court reversed the Court of Claims' ruling on the authority of *Pick v Szymczak*, 451 Mich 607; 548 NW2d 603 (1996), where the Court held that a duty to provide adequate warning signs or traffic control devices at known points of hazard arises under the highway exception of the governmental tort liability act. MCL 691.1402; MSA 3.996(102). The Court in *Evens, supra*, pp 180-181, however, explicitly overruled *Pick*. Instead, the Court held in *Evens, id.*, pp 151-152:

> [W]e hold that the state or county road commissions' duty, under the highway exception, does not extend to the installation, maintenance, repair, or improvement of traffic control devices, including traffic signs, but rather is limited exclusively to dangerous or defective conditions within the improved portion of the highway designed for vehicular travel; that is, the actual roadbed, paved or unpaved, designed for vehicular travel.

In light of *Evens*, we must now affirm the Court of Claims' grant of summary disposition for defendant on the basis of governmental immunity. Plaintiff did not allege that there was a dangerous or defective condition within the improved portion of the highway designed for vehicular travel. Rather, plaintiff alleged that defendant maintained a dangerous interconnected flashing yellow traffic light on the highway. Because the Court in *Evens* held that the state's duty under the highway exception does not extend to the installation, maintenance, repair, or improvement of traffic control devices, plaintiff's claim against defendant fails as a matter of law.

We briefly touch on the railroad crossing immunity statute, MCL 257.668(2); MSA 9.2368(2), because the prior opinion also included discussion of that statute. This statute is simply inapplicable to plaintiff's allegation.[4] Plaintiff alleges that defendant was negligent in maintaining a dangerous interconnected flashing yellow traffic light on Dixie Highway. MCL 257.668(2); MSA 9.2368(2) relates to signage at railroad grade crossings. Here, plaintiff's allegation with regard to defendant relates to signage or traffic lights on Dixie Highway, about fifty feet away from the railroad grade crossing. Moreover, the statute itself provides in relevant part:

> The erection of or failure to erect, replace, or maintain a stop or yield sign or other railroad warning device, unless such devices or signs were ordered by public authority, shall not be a basis for an action of negligence against the state transportation department, county road commissions, the railroads, or local authorities. [MCL 257.668(2); MSA 9.2368(2).]

Here, there was no order by a public authority to defendant to erect any signs or railroad warning devices at the railroad grade crossing and defendant could not be liable for failing to erect any signs. *Turner v CSX Transportation, Inc*, 198 Mich App 254, 257; 497 NW2d 571 (1993).

Accordingly, the Court of Claims did not err in granting summary disposition in favor of defendant on the basis of governmental immunity, MCR 2.116(C)(7), because plaintiff's claim fails as a matter

---

[4] We note that plaintiff argued in his brief in opposition to defendant's application for leave to appeal to the Supreme Court that this railroad grade crossing immunity statute is facially inapplicable to plaintiff's claim against defendant.

of law under the highway exception to governmental immunity, MCL 691.1402(1); MSA 3.996(102)(1). The allegation that defendant maintained a dangerous flashing yellow traffic light on a state highway is not within the highway exception to governmental immunity. The Court of Claims' order granting summary disposition for defendant is now affirmed.

Affirmed.