McINTOSH v DEPARTMENT OF TRANSPORTATION (ON REMAND)

Docket No. 203017. Submitted November 28, 2000, at Detroit. Decided February 20, 2001, at 9:10 A.M. Leave to appeal sought.

Jane F. McIntosh, John McIntosh, and Betty A. Guzik, as personal representative of the estate of Albert J. Guzik, deceased, brought an action in the Court of Claims against the Department of Transportation, alleging liability by the defendant pursuant to the highway exception to governmental immunity with respect to Jane McIntosh's injury and Albert Guzik's death in an automobile accident. James McIntosh and Albert Guzik were each driving a vehicle on westbound I-96 near Old Plank Road in Lyon Township when an eastbound automobile crossed the center grassy median and collided with the McIntosh and Guzik vehicles. The plaintiffs alleged that the section of I-96 in question has been the site of numerous accidents involving automobiles crossing the median and that the defendant should have widened the median or installed a barrier to prevent cross-median accidents. The Court of Claims, Thomas L. Brown, J., granted partial summary disposition for the defendant, ruling that the plaintiffs had failed to state a claim on which relief could be granted. MCR 2.116(C)(8). The plaintiffs appealed. The Court of Appeals reversed the order granting partial summary disposition and remanded the matter for further proceedings. 234 Mich App 379 (1999). The Court of Appeals found that the highway exception to governmental immunity, MCL 691.1402(1); MSA 3.996(102)(1), abrogates immunity at points of special danger to motorists, that a point of special danger is any condition that directly affects vehicular travel on the improved portion of the roadway so that such travel is not reasonably safe, and that a point of danger need not be physically part of the roadbed itself. The Court found that the Court of Claims erred in granting summary disposition on the basis of a finding that no factual development could establish the plaintiffs' claim. The Supreme Court, in lieu of granting leave to appeal, vacated the judgment of the Court of Appeals and remanded the matter to the Court of Appeals for reconsideration in light of *Evens v Shiawassee Co Rd Comm'rs*, 463 Mich 143 (2000). 463 Mich 899 (2000).

On remand, the Court of Appeals *held*:

The holding in *Evens*, that the state and county road commissions' duty under the highway exception to governmental immunity is only to repair and maintain the improved portion of the highway designed for vehicular travel and that the duty is limited exclusively to dangerous or defective conditions within the actual roadway designed for vehicular travel, makes it clear that the defendant had no duty under the highway exception to correct the design defects alleged by the plaintiffs. The median involved in this matter was outside the actual physical structure of the roadway designed for vehicular travel and was not a road surface condition. The width of the median and the lack of a median barrier are design features. The defendant had no duty under the highway exception to correct the alleged design defects.

Affirmed.

GOVERNMENTAL IMMUNITY — HIGHWAY EXCEPTION.

The duty imposed on state and county road commissions under the highway exception to governmental immunity is to repair and maintain the improved portion of the highway designed for vehicular travel; the duty is limited exclusively to dangerous or defective conditions within the actual roadway, paved or unpaved, designed for vehicular travel (MCL 691.1402[1]; MSA 3.996[102][1]).

*Sachs Waldman, Professional Corporation* (by *Gregory M. Janks* and *Elizabeth A. Cabot*), for the plaintiffs.

*Jennifer M. Granholm*, Attorney General, *Thomas L. Casey*, Solicitor General, and *Brenda E. Turner* and *Harold J. Martin*, Assistant Attorneys General, for the defendant.

ON REMAND

Before: M. J. KELLY, P.J., and HOOD and MARKEY, JJ.

M. J. KELLY, P.J. This matter is before us on remand from our Supreme Court for reconsideration of our previous determination that plaintiffs' claims against defendant fell within the highway exception to governmental immunity. 463 Mich 899 (2000). We are to

reconsider our previous decision in light of *Evens v Shiawassee Co Rd Comm'rs*, 463 Mich 143; 615 NW2d 702 (2000).[1] In *Evens*, our Supreme Court overruled *Pick v Szymczak*, 451 Mich 607; 548 NW2d 603 (1996). In our previous opinion, we relied on the *Pick* decision in determining that plaintiffs' claims fell within the highway exception to governmental immunity. After further review, and in light of the Court's holding in *Evens*, we now affirm the Court of Claims' grant of summary disposition.

The facts of this case were set out in our previous opinion, *McIntosh v Dep't of Transportation*, 234 Mich App 379, 380; 594 NW2d 103 (1999), vacated and remanded 463 Mich 899 (2000).

> On November 23, 1993, Jane F. McIntosh was driving her 1988 Buick and Albert J. Guzik was driving his 1991 Ford pickup truck on westbound I-96 near Old Plank Road in Lyon Township. William Jones was driving his 1985 Camaro on eastbound I-96 in the center lane near Old Plank Road. Jones, who was driving at an excessive rate of speed, abruptly veered to the right onto the right shoulder, swerved left across the eastbound lanes of traffic, lost control of his car, and entered the center grassy median. When he entered the median, his car became airborne, crossed the median, entered the westbound lanes of I-96, and struck Guzik's pickup truck, which exploded on impact. After striking the pickup truck, Jones' car rolled and struck several vehicles, including McIntosh's car. Guzik was killed on impact and McIntosh was severely injured.

Subsequently, plaintiffs brought claims against defendant "based on the allegation that the highway was defective in that either the grassy median sepa-

---

[1] *Evens* is the companion case to *Nawrocki v Macomb Co Rd Comm*, 463 Mich 143; 615 NW2d 702 (2000).

rating the westbound and eastbound traffic lanes of I-96 should have been wider or a median barrier should have been installed." *McIntosh, supra* at 381. Defendant moved for partial summary disposition, claiming that plaintiffs' claims did not fall within the highway exception to governmental immunity. The Court of Claims granted defendant's motion.[2] Because of our Supreme Court's recent decision in *Evens,* we are compelled to affirm the Court of Claims' grant of summary disposition in favor of defendant, however reluctantly.

In *Evens,* the plaintiff sustained serious injuries in an automobile accident at the intersection of Newburg Road and Byron Road in Shiawassee County. The plaintiff was driving north on Byron Road at the time of his accident. Byron Road was regulated by stop signs, posted on both the left and right sides of the roadway. Traffic on Newburg Road was not required to stop at this particular intersection. After stopping at the stop sign, the plaintiff entered the intersection with Newburg Road, where he collided with a car traveling west on Newburg Road, which had the right of way. Thereafter, the plaintiff sued the defendant, Shiawassee County Road Commissioners (SCRC), "arguing that they negligently failed to maintain the intersection in reasonable repair and in a condition safe and convenient for public travel. Specifically, Evens argued that the SCRC owed him a duty to install additional stop signs or traffic signals at the intersection." *Evens, supra* at 154. Subsequently, the SCRC moved for summary disposition, arguing that

---

[2] After the Court of Claims granted defendant partial summary disposition, the parties stipulated the entry of an order dismissing plaintiffs' remaining claims.

"county road commissions could not be held liable for a failure to install traffic signs on the theory that signs are outside the improved portion of the highway designed for vehicular travel and are not covered by the highway exception." *Evens, supra* at 154. The circuit court granted the SCRC's motion. The Supreme Court in *Evens* affirmed the circuit court decision.

The *Evens* Court held that the state and county road commissions' duty, under the highway exception, MCL 691.1402(1); MSA 3.996(102)(1), is only to repair and maintain the improved portion of the highway designed for vehicular travel and that the duty is limited exclusively to dangerous or defective conditions within the actual roadway designed for vehicular travel. *Evens, supra* at 183-184. Specifically, the Court held:

> The state and county road commissions' duty, under the highway exception, is only implicated upon their failure to repair or maintain the actual physical structure of the roadbed surface, paved or unpaved, designed for vehicular travel, which in turn proximately causes injury or damage. A plaintiff making a claim of inadequate signage, like a plaintiff making a claim of inadequate street lighting or vegetation obstruction, fails to plead in avoidance of governmental immunity because signs are not within the paved or unpaved portion of the roadbed designed for vehicular travel. Traffic device claims, such as inadequacy of traffic signs, simply do not involve a dangerous or defective condition in the improved portion of the highway designed for vehicular travel. [*Id.* (citation omitted).]

The median between the eastbound and westbound lanes of I-96 is, obviously, outside the actual physical structure of the roadbed surface designed for vehicular travel. It is not a road surface condition. The width of the median and the lack of a median barrier

are basically design features. The *Evens* decision makes it clear that defendant had no duty, under the highway exception to governmental immunity, to correct these design defects. *Id.* at 183-184. Defendants' duty only extended to a dangerous or defective condition of the *roadway designed for vehicular travel. Id.* There is no dispute that the median area between the eastbound and westbound lanes of I-96 is outside the actual physical structure of the roadbed surface designed for vehicular travel.

In sum, plaintiffs' claim of improper or dangerous median design is not a claim involving a dangerous or defective condition in the improved portion of the roadway designed for vehicular travel. Therefore, they have failed to plead in avoidance of governmental immunity. Hence, summary disposition was properly granted in favor of defendant.

Affirmed.