## ADAMS v DEPARTMENT OF TRANSPORTATION

Docket No. 230268. Released June 7, 2002, at 9:00 A.M.; vacated July 2,
2002.

Before: WILDER, P.J., and BANDSTRA and HOEKSTRA, JJ.

PER CURIAM. In this appeal as of right, plaintiff asserts that *Nawrocki v
Macomb Co Rd Comm,* 463 Mich 143; 615 NW2d 702 (2000),[1] should be
given prospective application only and, if not, that *Nawrocki* is distin-
guishable from the present case and thus inapplicable. In essence, plain-
tiff claims that the Court of Claims' grant of summary disposition in favor
of defendant on the basis of *Nawrocki* was inappropriate because
*Nawrocki* should be applied prospectively only. We reverse the Court of
Claims' grant of summary disposition in favor of defendant, but only
because we are bound by this Court's recent decision in *Sekulov v City of
Warren,* 251 Mich App 333; 650 NW2d 397 (2002), which concludes that
*Nawrocki* should have prospective application only. MCR 7.215(I)(1).
Were it not for the recently released *Sekulov* decision, we would hold that
the *Nawrocki* decision applies retroactively, that plaintiff's claims do not
survive post-*Nawrocki,* and thus that the Court of Claims' grant of sum-
mary disposition in favor of defendant was proper.

This cases arises from an automobile accident in Montcalm County in
October 1997. Because of a snowstorm, a power outage occurred in the
county, thus disabling the traffic signal at M-46 and Federal Highway (Old

---

[1] Plaintiff refers to this case as *Evens v Shiawassee Co Rd Comm'rs,*
which is the companion case to *Nawrocki* that was decided at the same
time. For ease in reference, we refer to the case as *Nawrocki,* utilizing the
official citation in the Michigan Reports.

US-131). As Richard Adams drove south on Federal Highway through that intersection with the disabled traffic signal, his automobile and a delivery truck traveling on M-46 collided. Adams sustained severe head injuries as a result of the accident and is legally incapacitated.

Plaintiff, Richard's wife and legal guardian, filed this lawsuit in the Court of Claims against defendant Michigan Department of Transportation (hereinafter MDOT), alleging negligence, gross negligence, and wilful and wanton conduct. Plaintiff asserted that MDOT, through the Montcalm County Road Commission, failed to erect temporary portable stop signs or take other suitable safety measures at the intersection.[2] Before trial, MDOT moved for summary disposition on the basis of the Michigan Supreme Court's then recent decision in *Nawrocki, supra.* After oral argument on MDOT's motion, the Court of Claims granted summary disposition in favor of MDOT. This appeal ensued.

Plaintiff argues that our Supreme Court's decision in *Nawrocki* should only be applied prospectively because it overturned clear, uncontradicted, and long-held case law and because retroactive application would be unjust to plaintiff and the bench and bar. Specifically, plaintiff contends that before the *Nawrocki* decision, "Michigan courts consistently ruled [that] MDOT or road commissions could be held liable for failure to install, repair or maintain traffic control devices." Plaintiff further asserts that *Nawrocki* should not be applied retroactively in the interests of fairness and equity because plaintiff relied on the Supreme Court's previous decision in *Pick v Szymczak*, 451 Mich 607; 548 NW2d 603 (1996), which *Nawrocki* overruled, when investing time and resources in the present lawsuit. Whether a decision should be applied retroactively or prospectively is a question of law that we review de novo. *Sturak v Ozomaro*, 238 Mich App 549, 559; 606 NW2d 411 (1999); see also *People v Sexton*, 458 Mich 43, 52; 580 NW2d 404 (1998). Likewise, we review de novo the Court of Claims' grant of summary disposition. *Spiek v Dep't of Transportation*, 456 Mich 331, 337; 572 NW2d 201 (1998).

We begin our analysis by noting the well-recognized statutorily provided principle that, in general, governmental agencies are immune from tort liability. MCL 691.1407(1). However, certain exceptions to this broad grant of immunity exist, including the highway exception, MCL 691.1402(1), which is narrowly construed. *Hatch v Grand Haven Twp*, 461 Mich 457, 464; 606 NW2d 633 (2000). In *Nawrocki, supra* at 151-152, when specifically addressing the companion case, *Evens v Shiawassee Co Rd Comm'rs*, our Supreme Court clarified the extent of immunity with respect to traffic signals:

> [W]e hold that the state or county road commissions' duty, under the highway exception, does not extend to the installation, mainte- nance, repair, or improvement of traffic control devices, including

---

[2] Plaintiff also filed in the Montcalm Circuit Court a cause of action against the delivery truck driver and his employer. The two cases were consolidated, and plaintiff settled with the driver and his employer.

traffic signs, but rather is limited exclusively to dangerous or defective conditions within the improved portion of the highway designed for vehicular travel; that is, the actual roadbed, paved or unpaved, designed for vehicular travel.

The question before us here is whether the *Nawrocki* decision is to be given retroactive effect.[3] In general, judicial decisions are applied retroactively. *Lincoln v General Motors Corp*, 461 Mich 483, 491; 607 NW2d 73 (2000); *Michigan Educational Employees Mut Ins Co v Morris*, 460 Mich 180, 189; 596 NW2d 142 (1999). Prospective application is limited generally to those decisions overruling clear and uncontradicted case law. *Id.*

Recently, our Supreme Court acknowledged that when determining whether a decision should not have retroactive application, the threshold question is "whether the decision clearly established a new principle of law." *Pohutski v Allen Park*, 465 Mich 675, 696; 641 NW2d 219 (2002), citing *Riley v Northland Geriatric Center (After Remand)*, 431 Mich 632, 645-646; 433 NW2d 787 (1988) (GRIFFIN, J.).[4] In *Pohutski*, the Supreme Court acknowledged that in overruling prior precedent, the Court must take into consideration the entire situation confronting the Court. *Id.* In doing so, the *Pohutski* Court determined that "practically speaking our holding is akin to the announcement of a new rule of law, given the erroneous interpretations set forth in *Hadfield* [*v Oakland Co Drain Comm'r*, 430 Mich 139; 422 NW2d 205 (1988)] and *Li* [*v Feldt (After Remand)*, 434 Mich 584; 456 NW2d 55 (1990)]" and held that its decision only would have prospective application. *Pohutski, supra* at 697.

In the present case, we must determine whether *Nawrocki* survives the threshold question concerning whether a case should not have retroactive application. We conclude that it does not. *Nawrocki*, according to its own language, clarifies the meaning of the highway exception to governmental immunity: "This area of the law [highway liability] cries out for clarification, which we attempt to provide today." *Nawrocki, supra* at 150. Recently, in *Sebring v Berkley*, 247 Mich App 666, 669-670; 637 NW2d 552 (2001), this Court succinctly addressed our Supreme Court's analysis in *Nawrocki*:

Just last year, in *Nawrocki v Macomb Co Rd Comm*, 463 Mich 143; 615 NW2d 702 (2000), our Supreme Court set for itself the goal of clarifying the meaning of the highway exception. *Id.* at 150. The resulting opinion significantly redirected the course of case law on

---

[3] The *Nawrocki* decision is silent on whether it is to be applied retroactively or prospectively.

[4] Should the threshold question be determined in the affirmative, three factors to be weighed in determining when a decision should not have retroactive application include "(1) the purpose to be served by the new rule, (2) the extent of reliance on the old rule, and (3) the effect of retroactivity on the administration of justice." *Pohutski, supra* at 696. For the reasons stated in our opinion, we need not reach these factors.

the subject. The Court observed that prior case law had produced "an exhausting line of confusing and contradictory decisions" that, in turn, "have created a rule of law that is virtually impenetrable, even to the most experienced judges and legal practitioners." *Id.* at 149. Instead of attempting to reconcile this body of law, the Court indicated that it was "return[ing] to a narrow construction of the highway exception predicated upon a close examination of the statute's plain language . . . ." *Id.* at 150.

Further, the *Nawrocki* decision noted that "conflicting decisions have provided precedent that both parties in highway liability cases may cite as authority for their opposing positions." *Nawrocki, supra* at 149-150. *Nawrocki* recognizes that "prior decisions of [the Supreme] Court have improperly broadened the scope of the highway exception and provided a variety of contradictory and conflicting interpretations of this exception's statutory language . . . ." *Id.* at 151. Under these circumstances, we cannot say that the *Nawrocki* decision "*clearly* established a *new* principle of law." *Pohutski, supra* at 696 (emphasis supplied). Thus, we agree with Judge TALBOT's dissent in *Sekulov* and we would hold that the *Nawrocki* decision applies retroactively.

Moreover, we believe that the Supreme Court's handling of the *Nawrocki* decision compared to that of the *Pohutski* decision further supports our conclusion. In *Pohutski, supra* at 696, noting the general rule that judicial decisions are to be applied retroactively, our Supreme Court explicitly held that "our decision shall have only prospective application." Because the Supreme Court did not make such a holding in *Nawrocki,* and in fact applied its holdings in that case and subsequently applied its *Nawrocki* holdings in another case, *Hanson v Mecosta Co Rd Comm'rs,* 465 Mich 492, 498-499; 638 NW2d 396 (2002),[5] we conclude that retrospective application of the *Nawrocki* decision was not only appropriate, but was intended. In further support of our conclusions, we note that our Supreme Court has remanded other cases to this Court for reconsideration in light of *Nawrocki.* See, e.g., *Ridley v Detroit (On Remand),* 246 Mich App 687; 639 NW2d 258 (2001); *McIntosh v Dep't of Transportation (On Remand),* 244 Mich App 705; 625 NW2d 123 (2001); *Iovino v Michigan (On Remand),* 244 Mich App 711; 625 NW2d 129 (2001). Under our

---

[5] In affirming the lower court's grant of summary disposition on some of the plaintiff's claims concerning an August 1994 automobile collision resulting in the death of the plaintiff's decedent, the Supreme Court stated:

The majority of the plaintiff's allegations in this case involve the very sorts of warning and traffic control sign claims rejected in *Nawrocki.* Such claims are clearly outside the purview of the highway exception, and we affirm the grant of summary disposition to the road commission with respect to these claims. [*Hanson, supra* at 499.]

analysis, summary disposition under the principles in *Nawrocki* was appropriate.[6]

However, in *Sekulov, supra*, another panel of this Court addressed the plaintiff's contention that *Nawrocki* should be applied prospectively only and agreed with the plaintiff. The *Sekulov* majority explained that "[p]rospective application has generally been limited to decisions that overrule clear and uncontradicted case law." *Sekulov, supra* at 337-338. The *Sekulov* majority concluded that "[b]y its own express terms, *Nawrocki* overruled clear and uncontradicted case law, specifically *Pick v Szymczak*, 451 Mich 607; 548 NW2d 603 (1996), so the general rule [that judicial decisions are to be given complete retroactive effect] is inapplicable, and *Nawrocki* has only prospective application." *Sekulov, supra* at 338. The *Sekulov* majority further concluded that "giving *Nawrocki* full retroactive effect is unjust and unwarranted" where "*Nawrocki* overruled existing law on which plaintiff relied in commencing, litigating, and settling her claims in this action." *Id.* In the present case, because we are bound by *Sekulov, supra*, we must reverse. MCR 7.215(I)(1). Because we disagree with the analysis set forth in *Sekulov*, we recommend that this case be submitted to a special conflict panel pursuant to MCR 7.215(I)(3).

Reversed. We do not retain jurisdiction.

*Order Entered June 18, 2002:*

---

[6] Plaintiff also argues, in essence, that even if *Nawrocki* is to be applied retroactively, the Court of Claims erred in granting summary disposition because *Nawrocki* is distinguishable from the present case. Contrary to plaintiff's claim, we find no error in the Court of Claims' grant of summary disposition. In her complaint, plaintiff alleged that defendant breached its duty "to keep the [i]ntersection safe and convenient for public travel by virtue of the fact that portable stop signs were not erected, or other suitable safety measures were not taken at the [i]ntersection, during the period of time when the signal was not functioning." As pleaded, plaintiff's complaint alleges a negligence action predicated on the failure of defendant to provide proper signage. The holding regarding signage in *Nawrocki* plainly states that signage cases are not actionable under the highway exception to governmental immunity. *Nawrocki, supra* at 183-184. In response to defendant's motion for summary disposition based on *Nawrocki*, plaintiff argued for the first time, and now argues on appeal, that her case arises from the condition of the road surface itself because of the weather conditions and because any temporary signs would be placed on the road surface. At this point in the proceedings, plaintiff cannot credibly reconstitute her claim as one that implicated the road surface and thus avoids the signage holding of *Nawrocki*. We would find that the Court of Claims properly applied the *Nawrocki* decision and properly granted summary disposition in favor of defendant.