ADAMS v DEPARTMENT OF TRANSPORTATION

Docket No. 230268. Submitted August 13, 2002, at Lansing. Decided October 11, 2002, at 9:00 A.M. Leave to appeal denied, 468 Mich ___.

Colleen Adams, for herself and as legal guardian of her husband, Richard Adams, brought an action in the Court of Claims against the Department of Transportation, seeking damages related to injuries sustained by Richard Adams in an automobile collision at the intersection of M-46 and Federal Highway in Montcalm County at a time the traffic signal at the intersection was inoperable because of a power outage. The plaintiff alleged that the defendant was liable pursuant to the highway exception to governmental immunity, MCL 691.1402, for its failure to erect temporary stop signs or to take other safety measures. While this case was pending, the Supreme Court, in *Nawrocki v Macomb Co Rd Comm*, 463 Mich 143 (2000), decided that the highway exception to governmental immunity does not allow claims premised on areas of special danger or the installation, maintenance, or improvement of traffic control devices. The Court of Claims, Charles H. Miel, J., granted summary disposition for the defendant, ruling that the plaintiff's action is barred by *Nawrocki*. The plaintiff appealed to the Court of Appeals, arguing that *Nawrocki* overruled precedent set by *Pick v Szymczak*, 451 Mich 607 (1996), and should therefore be given only prospective application. While the plaintiff's appeal was pending, the Court of Appeals, NEFF, P.J., and FITZGERALD, J. (TALBOT, J., dissenting), in *Sekulov v Warren*, 251 Mich App 333 (2002), decided that *Nawrocki* applies only prospectively. The Court of Appeals panel hearing the plaintiff's appeal, WILDER P.J., and BANDSTRA and HOEKSTRA, JJ., reversed the Court of Claims order granting summary disposition, following *Sekulov* only because it was required to do so by MCR 7.215(I)(1). Were it not so constrained, the panel would have held that *Nawrocki* can be applied retroactively and thus the panel would have affirmed the Court of Claims grant of summary disposition for the defendant. 251 Mich App 801 (2002). The Court of Appeals vacated the opinion released in *Adams* and ordered that a special panel be convened to resolve the conflict between *Adams* and *Sekulov*. 251 Mich App 801 (2002).

After consideration by the special panel, the Court of Appeals *held*:

Generally, judicial decisions are given full retroactive effect. In determining whether a decision is to be applied only prospectively, a reviewing court must consider whether the decision clearly established a new principle of law, which results from overruling case law that was clear and uncontradicted. If a reviewing court concludes that the decision does not overrule clear and uncontradicted case law, the decision must be applied retroactively.

The *Nawrocki* Court, in overruling *Pick*, did not overrule clear and uncontradicted case law. Rather, the Supreme Court articulated the proper interpretation of the statutory highway exception to governmental immunity, a statute that was misinterpreted in *Pick*. Thus, *Nawrocki* must be given full retroactive effect.

Affirmed.

JANSEN, J., joined by HOOD, J., dissenting, stated that the majority opinion in *Sekulov* was correct and should be followed to give *Nawrocki* only prospective application. *Nawrocki* overruled clear and uncontradicted case law that had allowed highway liability for inadequate traffic control devices at areas of special danger. The trial court's order granting summary disposition for the defendant should be reversed and the matter should be remanded for further proceedings.

GOVERNMENTAL IMMUNITY — HIGHWAY EXCEPTION.

*Nawrocki v Macomb Co Rd Comm*, 463 Mich 143 (2001), which overruled case law that had allowed highway liability for inadequate signage or traffic control devices at areas of special danger, is to be given full retroactive effect (MCL 691.1402).

*Warner Norcross & Judd LLP* (by *F. William McKee* and *John J. Bursch*) and *Edward J. McNeely, III* for the plaintiff.

*Jennifer M. Granholm*, Attorney General, *Thomas L. Casey*, Solicitor General, and *Vincent J. Leone*, Assistant Attorney General, for the defendant.

Before: SAWYER, P.J., and HOOD, JANSEN, O'CONNELL, ZAHRA, KELLY, and MURRAY, JJ.

ZAHRA, J. Pursuant to MCR 7.215(I) this special panel was convened to resolve the conflict between

this Court's prior vacated opinion in *Adams v Dep't of Trans*, 251 Mich App 801 (2002), and this Court's earlier decision in *Sekulov v Warren*, 251 Mich App 333; 650 NW2d 397 (2002). We conclude that *Sekulov* was wrongly decided, and we affirm the grant of summary disposition awarded to defendant by the trial court.

### I. FACTS AND PROCEDURE

The previous panel set forth the following basic facts of this case:

> This case arises from an automobile accident in Montcalm County in October 1997. Because of a snowstorm, a power outage occurred in the county, thus disabling the traffic signal at M-46 and Federal Highway (Old US-131). As Richard Adams drove south on Federal Highway through that intersection with the disabled traffic signal, his automobile and a delivery truck traveling on M-46 collided. Adams sustained severe head injuries as a result of the accident and is legally incapacitated.
>
> Plaintiff, Richard's wife and legal guardian, filed this lawsuit in the Court of Claims against defendant Michigan Department of Transportation (hereinafter MDOT), alleging negligence, gross negligence, and wilful and wanton conduct. Plaintiff asserted that MDOT, through the Montcalm County Road Commission, failed to erect temporary portable stop signs or take other suitable safety measures at the intersection. [*Adams, supra* at 801-802.][1]

On July 28, 2000, while the present case was pending before the trial court, our Supreme Court issued *Nawrocki v Macomb Co Rd Comm*, 463 Mich 143; 615 NW2d 702 (2000), which held that the highway excep-

---

[1] Plaintiff also filed suit against the delivery truck driver and his employer. Plaintiff eventually settled her claims against the driver and his employer.

tion to governmental immunity, MCL 691.1402(1), does not allow claims premised on areas of special danger or the installation, maintenance, or improvement of traffic control devices. *Nawrocki, supra* at 176-180, 184. Defendant in the present case argued that the *Nawrocki* decision bars plaintiff's suit and moved for summary disposition. The trial court agreed and granted summary disposition for defendant.

Plaintiff appealed to this Court, arguing that *Nawrocki* overruled prior precedent and, therefore, should be applied only prospectively.[2] While plaintiff's appeal was pending, another panel of this Court decided the retroactivity issue in *Sekulov, supra*. In *Sekulov*, a split panel of this Court, Judge TALBOT dissenting, held that the *Nawrocki* decision overruled prior precedent and, therefore, *Nawrocki* must be applied prospectively. *Sekulov, supra* at 338-339. In accordance with MCR 7.215(I)(1), the prior *Adams* panel was required to follow the precedent of *Sekulov*. Were it not for MCR 7.215(I)(1), the prior *Adams* panel would have held that *Nawrocki* applies retroactively and, thus, affirmed the trial court's grant of summary disposition for defendant.

## II. ANALYSIS

We now consider whether the Supreme Court's decision in *Nawrocki* is to be limited to prospective application. Whether a judicial decision should be limited to prospective application is a question of law

---

[2] Plaintiff also argued that, to the extent *Nawrocki* is applied retroactively, the trial court erred in granting defendant's motion for summary disposition because *Nawrocki* is factually distinguishable from this case.

that we review de novo. *Sturak v Ozomaro*, 238 Mich App 549, 559; 606 NW2d 411 (1999).

Generally, judicial decisions are given full retroactive effect. *Pohutski v Allen Park*, 465 Mich 675, 696; 641 NW2d 219 (2002), citing *Hyde v Univ of Michigan Bd of Regents*, 426 Mich 223, 240; 393 NW2d 847 (1986). In determining whether a decision is to be applied only prospectively, a reviewing court must consider whether the decision clearly established a new principle of law, which results from overruling case law that was clear and uncontradicted. *Pohutski, supra* at 696, citing *Riley v Northland Geriatric Center (After Remand)*, 431 Mich 632, 645-646; 433 NW2d 787 (1988) (GRIFFIN, J.). See *Michigan Educational Employees Mut Ins Co v Morris*, 460 Mich 180, 189; 596 NW2d 142 (1999), quoting *Hyde, supra* at 240 ("[C]omplete prospective application has generally been limited to decisions which overrule clear and uncontradicted case law."). If a reviewing court concludes that the decision does not overrule clear and uncontradicted case law, the product of which is a new principle of law, the decision must be applied retroactively.[3]

Plaintiff argues that because *Nawrocki* expressly overruled *Pick v Szymczak*, 451 Mich 607; 548 NW2d

---

[3] If, on the other hand, a reviewing court concludes that a decision clearly established a new principle of law, the court must weigh the following three factors to determine whether the decision should be limited to prospective application: "(1) the purpose to be served by the new rule, (2) the extent of reliance on the old rule, and (3) the effect of retroactivity on the administration of justice." *Pohutski, supra* at 696, citing *People v Hampton*, 384 Mich 669, 674; 187 NW2d 404 (1971). No single factor is dispositive of whether a decision should only be applied prospectively. Rather, these factors should be considered and weighed in conjunction with each other to determine whether a deviation from the general rule of retroactivity best serves Michigan's jurisprudence.

603 (1996), we must conclude that *Nawrocki* established a new principle of law.[4] Plaintiff's argument is consistent with the reasoning offered by the majority in *Sekulov, supra* at 338, which held: "By its own express terms, *Nawrocki* overruled clear and uncontradicted case law, specifically *Pick* . . . , so . . . *Nawrocki* has only prospective application." We conclude that plaintiff's argument relies on an erroneously narrow view of what constitutes establishment of a new principle of law. Moreover, we conclude that the *Sekulov* majority wrongly concluded that *Pick* represented clear and uncontradicted case law.

The act of the Supreme Court overruling one of its prior opinions, standing alone, is not dispositive of whether the latest Supreme Court pronouncement

---

[4] In *Evens v Shiawassee Co Rd Comm'rs*, the companion case to *Nawrocki*, the plaintiff alleged that the county road commission breached its duty to install adequate stop signs or traffic signals at the intersection where his injury occurred. *Nawrocki, supra* at 154. Noting that governmental bodies are normally immune from tort liability, the Supreme Court considered whether the plaintiff's action fit within the highway exception to governmental immunity, MCL 691.1402(1). The Supreme Court relied on *Scheurman v Dep't of Trans*, 434 Mich 619, 629-630; 456 NW2d 66 (1990), and *Ross v Consumers Power Co (On Rehearing)*, 420 Mich 567, 618; 363 NW2d 641 (1984), for the principle that the immunity conferred on governmental agencies is broad and the exceptions to that immunity are narrowly drawn. *Nawrocki, supra* at 158-159. The Supreme Court reviewed the plain language of the statute, *id.* at 159-161, and concluded that the highway exception limits governmental entities' "duty with respect to the *location* of the alleged dangerous or defective condition; if the condition is not located in the actual roadbed designed for vehicular travel, the narrowly drawn highway exception is inapplicable and liability does not attach." *Id.* at 162 (emphasis in original). The Supreme Court held that because the plaintiff's suit was based on the installation of signage outside the portion of the roadbed designed for vehicular travel, the plaintiff's claims did not fit within the plain language of the highway exception. *Id.* at 183-184. In so holding, the Court expressly overruled *Pick*, which broadly construed MCL 691.1402(1) to mean that governmental agencies have a duty to provide traffic control devices or warning signs at "points of special hazard." *Nawrocki, supra* at 180.

should be applied only prospectively. The dispositive question is whether the latest Supreme Court pronouncement overruled case law that was clear and uncontradicted. "Case law" is defined as "[t]he aggregate of reported cases as forming a body of jurisprudence, or the law of a particular subject as evidenced or formed by the adjudged cases, in distinction to statutes and other sources of law." Black's Law Dictionary (4th ed). We must focus our inquiry on the overall body of case law interpreting the highway exception to the governmental immunity act rather than limit the focus of our inquiry to *Pick*, as proposed by plaintiff and the majority in *Sekulov*. The standard for determining whether a judicial decision should be limited to prospective application set forth in *Pohutski* and *Michigan Educational Employees* would be rendered meaningless if we adopt the *Sekulov* reasoning because *Sekulov* suggests that every case in which the Supreme Court overrules one of its prior decisions, the principle of law emanating from the more recent case would be applied only prospectively. No case in Michigan jurisprudence supports such a conclusion.

As cogently observed by the prior *Adams* panel and by Judge TALBOT in his dissent in *Sekulov*, *Nawrocki* clearly establishes that judicial interpretations of the governmental immunity statute generally, MCL 691.1407(1), and the highway exception to governmental immunity specifically, MCL 691.1402(1), were neither clear nor without contradiction. In *Nawrocki*, *supra* at 149, the Supreme Court referred to the "confusing and contradictory" state of the law resulting from inconsistent judicial interpretations of the gov-

ernmental immunity act. The Supreme Court noted
that

> [t]hese decisions have created a rule of law that is virtually
> impenetrable, even to the most experienced judges and
> legal practitioners. Further, these conflicting decisions have
> provided precedent that both parties in highway liability
> cases may cite as authority for their opposing positions.
> This area of law cries out for clarification, which we
> attempt to provide today. [*Nawrocki, supra* at 149-150.]

The Supreme Court further stated its intent to restore
"a stable rule of law in this difficult area of law" by
properly interpreting the plain language of the statute
consistent with the prior precedents of *Scheurman,
supra,* and *Ross, supra. Nawrocki, supra* at 175. See
*Sebring v Berkley,* 247 Mich App 666, 669-670; 637
NW2d 552 (2001).

*Nawrocki* is not the first case in which the
Supreme Court commented on the unsettled state of
judicial interpretations addressing the governmental
immunity act. In *Suttles v Dep't of Transportation,*
457 Mich 635, 642-643; 578 NW2d 295 (1998), a case
that also involved the highway exception to the gov-
ernmental immunity act, the Supreme Court
"acknowledge[d] that the notion of governmental
immunity, its interpretation, and its practical applica-
tion have been difficult at times, stemming in part
from the decisions of this Court and from the confus-
ing nature of the statute itself." Likewise, in *Pick,* the
Supreme Court attempted to bring together the body
of case law that had addressed the governmental
immunity act. In so doing, Justice CAVANAGH, writing
for the majority, *supra* at 622, observed that the

Supreme Court had issued "undeniably fractured case law precedents."[5]

We also find significant the fact that the Supreme Court did not expressly state that the *Nawrocki* holding was to be limited to prospective application. Compare *Pohutski, supra* at 696. As observed by the prior *Adams* panel, the Supreme Court applied its holding in *Nawrocki* in *Hanson v Mecosta Co Rd Comm'rs*, 465 Mich 492, 498-499; 638 NW2d 396 (2002). Additionally, the Supreme Court remanded other cases to this Court for reconsideration in light of *Nawrocki*. See, e.g., *Ridley v Detroit (On Remand)*, 246 Mich App 687; 639 NW2d 258 (2001); *McIntosh v Dep't of Transportation (On Remand)*, 244 Mich App 705; 625 NW2d 123 (2001); *Iovino v Michigan (On Remand)*, 244 Mich App 711; 625 NW2d 129 (2001). The Supreme Court's failure in *Nawrocki* to expressly deviate from the general rule of retroactivity coupled with its subsequent action of applying *Nawrocki* to other cases strongly indicates the Supreme Court's intent that *Nawrocki* be given retroactive application.

---

[5] Notwithstanding the many past attempts by this Court and the Supreme Court to provide clarification in this area of the law, the Supreme Court observed in *Nawrocki* that the case law addressing governmental immunity remained in a state of confusion. The Supreme Court "return[ed] to a narrow construction of the highway exception predicated upon a close examination of the statute's plain language, rather than merely . . . add still another layer of judicial gloss to those interpretations of the statute previously issued by [the Supreme] Court and the Court of Appeals." *Id.* at 150. The Supreme Court concluded that *"Pick* failed to simply apply the plain language of the highway exception and, instead, relied on judicially invented phrases nowhere found in the statutory clause . . . ." *Id.* at 175. Given the constantly evolving state of governmental immunity law, the Supreme Court's decision in *Nawrocki* to give effect to the plain language of the highway exception statute and to correct prior misinterpretations was a foreseeable and welcomed clarification of this area of law. See *Michigan Educational Employees, supra* at 196-197.

We therefore conclude that, in overruling *Pick*, the Supreme Court did not overrule clear and uncontradicted case law, thereby establishing a new principle of law. Rather, the Supreme Court articulated the proper interpretation of the statutory highway exception to governmental immunity, a statute that was misinterpreted in *Pick*. See *Michigan Educational Employees, supra* at 197. *Nawrocki* must be given full retroactive effect.[6] To the extent plaintiff attempts to factually distinguish the present case from *Nawrocki*, we reject that argument for the reasons stated in the prior panel's opinion. *Adams, supra* at 805, n 6. The trial court properly granted summary disposition for defendant.

Affirmed.

SAWYER, P.J. and O'CONNELL, KELLY and MURRAY, JJ., concurred with ZAHRA, J.

JANSEN, J. (*dissenting*). I respectfully dissent. I would hold that this Court's majority opinion in *Sekulov v Warren*, 251 Mich App 333; 650 NW2d 397 (2002), was correct and would follow its reasoning.

When *Pick v Szymczak*, 451 Mich 607; 548 NW2d 603 (1996), was decided, the specific issue whether a governmental agency had the duty to provide traffic control devices or warning signs was, in the words of the majority opinion, "still unsettled." In *Pick, id.* at 619, a four-justice majority definitively decided that governmental agencies have the duty to provide adequate warning signs or traffic control devices at known points of hazard under the highway exception

---

[6] Given our conclusion that *Nawrocki* did not meet the threshold requirement that the decision establish a new rule of law, we need not consider the three additional factors discussed in *Pohutski, supra* at 696.

of the governmental tort liability act, MCL 691.1402. This holding in *Pick* was clear and established a new principle of law because the Supreme Court had never previously decided this specific issue in a majority opinion. Indeed, the majority opinion in *Pick* set forth the previous cases of the Supreme Court that dealt with the question of street lights, warning signs, and traffic control devices and noted that all involved plurality decisions.[1] Therefore, it is clear that in *Pick* the Supreme Court held definitively, for the first time, that a governmental agency had the duty to provide adequate warning signs or traffic control devices at known points of hazard under the highway exception to governmental immunity.

The Supreme Court's reasoning in *Nawrocki v Macomb Co Rd Comm*, 463 Mich 143; 615 NW2d 702 (2000), for overruling *Pick*—that *Nawrocki* represents a "return" to the "plain language" of the statute—is simply irrelevant with respect to whether *Nawrocki* is to be given retroactive or prospective application. The first question to be addressed is whether the decision clearly established a new principle of law. *Pohutski v Allen Park*, 465 Mich 675, 696; 641 NW2d 219 (2002). As previously stated, *Pick* clearly established a new principle of law because the Supreme Court had not decided the matter of whether governmental agencies had a duty to provide warning signs and traffic control devices. The other factors to be weighed in determining whether a decision should not be applied retroactively are (1) the purpose

---

[1] The decisions were *Scheurman v Dep't of Trans*, 434 Mich 619; 456 NW2d 66 (1990), *Salvati v Dep't of State Hwys*, 415 Mich 708; 405 NW2d 856 (1982), and *Tuttle v Dep't of State Hwys*, 397 Mich 44; 243 NW2d 244 (1976).

served by the new rule, (2) the extent of reliance on the old rule, and (3) the effect of retroactivity on the administration of justice. *Id.; Lesner v Liquid Disposal, Inc*, 466 Mich 95, 108-109; 643 NW2d 553 (2002).

In *Nawrocki*, as in *Pohutski*,[2] the Supreme Court purported to return to the plain language of the governmental immunity statute and correct the erroneous interpretation set forth in *Pick*. In *Pohutski*, the Court concluded that giving its decision prospective application would further the purpose of correcting an error in the interpretation of MCL 691.1407. See *Pohutski, supra* at 697. Similarly, giving *Nawrocki* prospective application would further the purpose of correcting an error in the interpretation of MCL 691.1402. Also, because *Pick* definitively decided that governmental agencies had a duty to provide adequate warning signs and traffic control devices at known points of hazard, all courts, as well as all governmental agencies so responsible, had to follow this interpretation of the statute. See *Pohutski, supra* at 697 (prospective application would acknowledge the reliance by courts and insurance companies on the longstanding interpretation of MCL 691.1407 set forth in *Hadfield v Oakland Co Drain Comm'r*, 430 Mich 139; 422 NW2d 205 [1988]).[3] Last, the administration of justice would be better served by giving *Nawrocki* prospective application only because the Legislature did not amend § 2 of the governmental tort liability act in light of *Pick*. See *Craig v Larson*, 432 Mich 346,

---

[2] The Court in *Pohutski* addressed § 7 of the governmental tort liability act, MCL 691.1407, rather than MCL 691.1402 as in *Nawrocki*.

[3] In *Lesner, supra* at 109, the Supreme Court stated that the case it was overruling had been controlling authority for over 6½ years and there thus appeared to be widespread reliance on the case. Likewise, in the present situation, *Pick* had been controlling authority and relied on for four years.

353; 439 NW2d 899 (1989) (silence by the Legislature following judicial interpretation of a statute suggests consent to that interpretation).

The fact that the Supreme Court in *Nawrocki* did not expressly state that the holding was to be given prospective application only is completely inconsequential. This is not a factor to determine retroactive or prospective application of a decision and, moreover, the Supreme Court itself has given its own decisions prospective application in later opinions. See, e.g., *People v Sexton*, 458 Mich 43; 580 NW2d 404 (1998), giving prospective application to *People v Bender*, 452 Mich 594; 551 NW2d 71 (1996).

I would conclude that *Sekulov* was correctly decided and that *Nawrocki* should be given prospective application only. I would reverse the trial court's grant of summary disposition in favor of defendant and remand for further proceedings.

HOOD, J., concurred with JANSEN, J.