*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

MATTHEW SCHAFER, HARRY HUCKLEBURY, and LILLY HUCKLEBURY,

Plaintiffs-Appellees,

v

KENT COUNTY,

Defendant-Appellant,

and

KENT COUNTY TREASURER,

Defendant.

FOR PUBLICATION
September 22, 2022
9:25 a.m.

No. 356908
Kent Circuit Court
LC No. 20-009502-CZ

Before: MURRAY, P.J., and O'BRIEN and REDFORD, JJ.

REDFORD, J.

Defendant, Kent County, appeals by interlocutory leave granted[1] the trial court's denial in part its motion for summary disposition and the trial court's determination that our Supreme Court's decision in *Rafaeli, LLC v Oakland Co*, 505 Mich 429; 952 NW2d 434 (2020), applied retroactively. On appeal, defendant argues that the trial court erred when it determined that *Rafaeli* applied retroactively. Finding no error in the decision of the trial court, we affirm.

## I. BACKGROUND

According to their complaint, plaintiffs owned real property within Kent County. Plaintiffs alleged that defendants foreclosed on the real property that plaintiffs owned pursuant to the General Property Tax Act (GPTA), MCL 211.1a *et seq*., because of delinquent taxes, unpaid assessments,

---

[1] *Schafer v Kent Co*, unpublished order of the Court of Appeals, entered July 27, 2021 (Docket No. 356908).

-1-

fees, penalties, and/or interest. Following the foreclosures, the real properties were sold at auction in 2017. According to plaintiffs, the sale prices for their properties exceeded the taxes, fees, penalties, and interest they owed, which resulted in a surplus of funds. Plaintiffs alleged entitlement to receive the excess funds under the holding of *Rafaeli*.

Defendants moved to dismiss plaintiffs' complaint under MCR 2.116(C)(8), arguing that five of the plaintiffs' seven claims rested on the assumption that the 2020 *Rafaeli* decision applied retroactively. Defendants argued that *Rafaeli* only applied prospectively and, therefore, did not apply to the sale of plaintiffs' properties which were sold three years before *Rafaeli*. Plaintiffs responded to defendants' motion to dismiss, arguing that *Rafaeli* applied retroactively because it did not establish a new principle of law but instead returned to a constitutional mandate.

In March 2021, the trial court entered an order that, in pertinent part, denied defendants' request to dismiss plaintiffs' relevant claims. The trial court determined that *Rafaeli* did not establish a new rule of law. Therefore, the trial court determined that *Rafaeli* applied retroactively. Defendant now appeals.

## II. STANDARD OF REVIEW

We review de novo a circuit court's summary disposition decision. *Dalley v Dykema Gossett PLLC*, 287 Mich App 296, 304; 788 NW2d 679 (2010). "A court may grant summary disposition under MCR 2.116(C)(8) if the opposing party has failed to state a claim on which relief can be granted." *Id.* (quotation marks and brackets omitted). "A motion brought under subrule (C)(8) tests the legal sufficiency of the complaint solely on the basis of the pleadings." *Id.* (citation omitted). All well-pleaded factual allegations are accepted as true and construed in a light most favorable to the nonmoving party. *Id.* at 304-305. "Summary disposition on the basis of subrule (C)(8) should be granted only when the claim is so clearly unenforceable as a matter of law that no factual development could possibly justify a right of recovery." *Id.* at 305 (quotation marks and citation omitted). "Questions of statutory interpretation are also reviewed de novo." *Rowland v Washtenaw Co Rd Comm*, 477 Mich 197, 202; 731 NW2d 41 (2007).

## III. ANALYSIS

The sole issue on appeal is whether *Rafaeli* applies to plaintiffs' claims. Defendant argues that the trial court erred because *Rafaeli* should only apply prospectively or with limited retroactivity, and therefore, it does not apply to plaintiffs' claims. We disagree.

On July 17, 2020, our Supreme Court issued its opinion in *Rafaeli*, in which it addressed the GPTA which allowed a governmental unit to foreclose upon real property because of delinquent property taxes and eventually sell the property if the taxes, fees, penalties, and interest owed were not paid to redeem the property. At that time, the GPTA did not provide for any surplus proceeds to the former property owner in the event that the proceeds from the tax foreclosure sale exceeded the amount owed. *Id.* at 447.

In *Rafaeli*, the Court wrote:

We hold that defendants' retention of those surplus proceeds is an unconstitutional taking without just compensation under Article 10, § 2 of our 1963 Constitution. Accordingly, we reverse the judgment of the Court of Appeals and remand this case to the Oakland Circuit Court for proceedings consistent with this opinion. [*Id.* at 437.]

Our Supreme Court concluded that, to the extent that the GPTA permitted the foreclosing governmental unit to retain surplus proceeds, the GPTA was unconstitutional. *Id.* at 474-475.

The Court's opinion also set forth:

Having recognized both the existence of this vested property right at common law and that the ratifiers of the 1963 Michigan Constitution would have commonly understood this right to be protected under Michigan's Takings Clause at that time, the question now becomes whether the amendments of the GPTA abrogated this common-law right. If it did, there is no taking here.

The common law "is but the accumulated expressions of the various judicial tribunals in their efforts to ascertain what is right and just . . . ." It is dynamic and flexible, not static or fixed like statutory law. The common law is, however, incremental in adapting to society's changing circumstances, developing gradually to reflect our policies, customs, norms, and values. Nonetheless, the Legislature may enact legislation that abrogates or alters the common law. Of course, both legislation and the common law are secondary to our Constitution. Article 3, § 7 of Michigan's Constitution provides:

The common law and the statute laws now in force, *not repugnant to this constitution*, shall remain in force until they expire by their own limitations, or are changed, amended or repealed.

It is clear that our 1963 Constitution protects a former owner's property right to collect the surplus proceeds following a tax-foreclosure sale under Article 10, § 2. This right existed at common law; was commonly understood to exist in the common law before the 1963 ratification of our Constitution; and continues to exist after 1963, as our decision in *Dean*[*v Dep't of Natural Resources*, 399 Mich 84; 247 NW2d 876 (1976)] demonstrates. Because this common-law property right is constitutionally protected by our state's Takings Clause, the Legislature's amendments of the GPTA could not abrogate it. While the Legislature is typically free to abrogate the common law, it is powerless to override a right protected by Michigan's Takings Clause. [*Id.* at 472-473 (citations omitted, emphasis in original).]

Turning to the question of retroactivity, we note the general rule is that judicial decisions are given full retroactive effect. *Pohutski v Allen Park*, 465 Mich 675, 695; 641 NW2d 219 (2002). But "a more flexible approach is warranted where injustice might result from full retroactivity." *Id.* at 696. Our Supreme Court has held that prospective application of a judicial decision "is appropriate when the holding overrules settled precedent or decides an issue of first impression

-3-

whose resolution was not clearly foreshadowed." *Lindsey v Harper Hosp*, 455 Mich 56, 68; 564 NW2d 861 (1997) (quotation marks and citations omitted). In *Lindsey*, our Supreme Court considered when a revised statute of limitations saving provision began. The Court noted that this was the first time it had considered that issue, but that it was not the type of issue of first impression that would support prospective application. *Lindsey*, 455 Mich at 68. The Court clarified:

> The fact that a decision may involve an issue of first impression does not in and of itself justify giving it prospective application where the decision does not announce a new rule of law or change existing law, but merely gives an interpretation that has not previously been the subject of an appellate court decision. [*Id*. at 68-69, quoting *Jahner v Dep't of Corrections*, 197 Mich App 111, 114; 495 NW2d 168 (1992).]

Our Supreme Court has described prospective-only application as a departure from the general rule and an "extreme measure" appropriate only in exigent circumstances. *Devillers v Auto Club Ins Ass'n*, 473 Mich 562, 586; 702 NW2d 539 (2005). In *Devillers*, the Court determined that a previous decision should be given retroactive effect because that decision was a "return to an earlier rule and a vindication of controlling legal authority . . . ." *Id*. at 587. "Complete prospective application has generally been limited to decisions which overrule clear and uncontradicted case law." *Hyde v Univ of Mich Bd of Regents*, 426 Mich 223, 240; 393 NW2d 847 (1986).[2]

The threshold question when determining whether a court decision should be applied retroactively is "whether the decision clearly established a new principle of law." *Pohutski*, 465 Mich at 696. In a later decision, our Supreme Court determined that its decision did not announce a new rule of law when it merely returned the law to that which had previously existed and which the Michigan Constitution mandated. *Hathcock*, 471 Mich at 484. Further explaining why its decision did not establish a new principle of law, the Court stated that its decision "simply applies fundamental constitutional principles and enforced the 'public use' requirement as that phrase was used at the time our 1963 constitution was ratified." *Id*. The Court decided that its decision to overrule a previous decision, therefore, should be given retroactive effect. *Id*.

This Court described the threshold question as determining "whether the decision clearly established a new principle of law, which results from overruling case law that was clear and uncontradicted." *Adams v Dep't of Transp*, 253 Mich App 431, 435; 655 NW2d 625 (2002). If the threshold question has been satisfied, then this Court should determine whether it is still appropriate to apply the judicial decision retroactively by analyzing the following three factors: "(1) the purpose to be served by the new rule, (2) the extent of reliance on the old rule, and (3) the effect of retroactivity on the administration of justice." *Pohutski*, 465 Mich at 696.

This Court recently addressed whether *Rafaeli* applied prospectively in *Proctor v Saginaw Co Bd of Comm'rs*, ___ Mich App ___, ___; ___ NW2d ___ (2022) (Docket No. 349557), lv pending. In *Proctor*, this Court relied on the holding in *Hathcock* and held that "we do not

---

[2] Our Supreme Court reiterated the principle stated in *Hyde* in *Wayne Co v Hathcock*, 471 Mich 445, 484 n 98; 684 NW2d 765 (2004).

-4-

conclude that our Supreme Court in *Rafaeli* overruled clear and uncontradicted caselaw or specifically announced a new rule that at least had not been previously foreshadowed." *Id*. at ___; slip op at 13. This Court, therefore, disagreed that *Rafaeli* should be given prospective application only and determined that *Rafaeli* should be applied to all pending cases in which a challenge had been raised and preserved. *Id*. at ___; slip op at 13, 15.

In this case, both plaintiffs and defendant analyze at length the threshold question discussed in *Pohutski*, 465 Mich at 696, as well as, the three factors that should be analyzed if the threshold question is satisfied. However, after the parties filed their briefs in this appeal, this Court issued its *Proctor* opinion.

In their supplemental briefing, defendants argue that in *Proctor*, "the Court held *Rafaeli* applies retroactively only to those claims that were pending at the time *Rafaeli* was issued." What the *Proctor* Court actually held was: "We hold that *Rafaeli,* like *Hathcock*, should be applied to pending cases, such as those of the named plaintiffs, in which a challenge has been raised and preserved." *Proctor* did not presume to address every possible case and circumstance nor did it limit its retroactivity to only the matters before the Court in that case.

To remove uncertainty, we hold *Rafaeli* did not announce a new rule of law but returned the law to that which was recognized at common law and by the ratifiers of the Michigan Constitution of 1963, see *Rafaeli* 505 Mich at 472, and should be given full retroactive effect.

Assuming arguendo*,* our conclusion that full retroactive application of *Rafaeli* is incorrect as relates to this case, defendant argues that even if *Rafaeli* is applied retroactively, it should only be applied with limited retroactivity. According to defendant, if *Rafaeli* is applied with only limited retroactivity, it would not apply to the instant case because it was not pending at the time that our Supreme Court issued its *Rafaeli* opinion. Defendant's argument is based on the proposition that "pending cases where the issue had been raised and preserved," see *In re Kanjia*, 308 Mich App 660, 672; 866 NW2d 862 (2014), are the *only* cases in which a judicial decision given limited retroactivity would apply. Under defendant's logic, if *Rafaeli* were given limited retroactive effect, then it would not apply to this case because this case was not pending until after our Supreme Court's *Rafaeli* decision. But defendant's position that *Rafaeli* would not apply to the instant case unless *Rafaeli* is given full retroactive effect is incorrect. As our Supreme Court explained, a case with limited retroactivity not only applies to pending cases in which the issue has been raised and preserved, but also "in cases commenced after the overruling decision . . . ." *Stein v Southeastern Mich Family Planning Project, Inc*, 432 Mich 198, 201; 438 NW2d 76 (1989). Therefore, even if given limited retroactive effect as defendant requests, *Rafaeli* would still apply to this case which commenced after that ruling. Our Supreme Court issued *Rafaeli* on July 17, 2020, and this case commenced almost five months later, on December 14, 2020.

We conclude that *Rafaeli* should be given full retroactive effect. We further conclude that *Rafaeli* applies to the instant case even if not given full retroactive effect because the instant case was filed after *Rafaeli* was decided. The parties are under the misconception that *Rafaeli* would need retroactive effect in order to apply to the instant case, apparently because the foreclosure sale at issue in the instant case occurred before our Supreme Court's *Rafaeli* decision. But for the purposes of this analysis, the relevant date is when plaintiffs filed their complaint commencing the case, not when the underlying conduct at issue in the complaint occurred. See *Stein*, 432 Mich

at 201. Therefore, because plaintiffs filed the instant case after *Rafaeli* was issued, *Rafaeli* applies regardless of whether that judicial decision is applied retroactively or prospectively.[3]

Affirmed.

/s/ James Robert Redford
/s/ Christopher M. Murray
/s/ Colleen A. O'Brien

---

[3] Our Supreme Court held that the threshold question whether the judicial decision was a new rule of law or an issue of first impression not clearly foreshadowed was also a threshold question for a determination whether a judicial decision applied with limited or full retroactivity. *People v Phillips*, 416 Mich 63, 68; 330 NW2d 366 (1982) ("Before any question of the retroactive application of an appellate decision arises, it must be clear that the decision announces a new principle of law."). Therefore, because this Court determined in *Proctor* that this threshold question is not satisfied, then full retroactive application of *Rafaeli* is appropriate. *Proctor*, ___ Mich App at ___; slip op at 13.